## LONG ISLAND R. CO. v. LANICE et al.

(Supreme Court, Special Term, Kings County.   July 3, 1912.)

INJUNCTION (§ 42*)—DEALING IN CARRIER'S TICKETS. ·

Equity has jurisdiction to restrain purchasers of commutation tickets, forfeited if used by others than the purchasers, from engaging in the business of selling or hiring such tickets for compensation for use by others.

[Ed. Note.—For other cases, see Injunction, Dec. Dig. § 42.*]

Action by the Long Island Railroad Company against Simon Lanice, the name Simon being fictitious, and others.   Injunction pendente lite granted.

Joseph F. Keany and Dominic B. Griffin, for plaintiff.

BENEDICT, J.   This is an application for an injunction pendente lite restraining the defendants from selling or hiring for compensation for use any transportation tickets issued by the plaintiff to them of the kind known as "monthly commutation tickets" from Flatbush Avenue, Brooklyn, to Bay Shore, Long Island.   The defendants have not appeared in the action.

It is alleged in the complaint and in plaintiff's other motion papers that the legal rate of fare for a single ticket between the points above mentioned is $1.23, and for an excursion ticket the sum of $2.05, while a monthly commutation ticket is issued under certain conditions and restrictions as to its use for $10.90, under which the purchaser is entitled to 60 trips, costing 18 cents each, or 36 cents for a round or excursion trip.   These commutation tickets contain certain contract provisions which the purchaser stipulates to observe with reference to its use, none of which is important to this controversy except the following:

"First. That this ticket will be forfeited if used by any person other than myself."   *   *   *   "Seventh. That any infringement of the above makes the ticket void and forfeits all rights thereunder."

On the face of such ticket the following notice is printed:

"Subject to contract on back, which must be signed by person named above before ticket is valid for passage."

It is alleged in the moving papers that the defendants and many other persons for a long time past have been engaged in the business of purchasing these monthly commutation tickets in their own names and then renting the use of them to other persons for hire at an advanced price, which would, if the practice were regular, result in a profit to the first purchaser, and would at the same time result in a loss to the railroad company, which, instead of receiving a fare of $2.05 for a round trip from the user, would receive only 36 cents for such round trip.

This petty fraud, if practiced to any considerable extent, would be likely to grow into an abuse of the privilege conferred by this

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

form of ticket. It is, moreover, an abuse which it is difficult for the railroad company to correct in practice, and for which no penal statute nor adequate remedy at law seems to exist.

This court sitting in equity certainly has power to suppress this fraudulent business, and I incline to the opinion that the plaintiff has shown sufficient facts, both as to the existence of the practice in the past and its probable continuance in the future unless restrained, to warrant the granting of the intermediate relief sought until the merits of the whole question can be examined upon the trial.

I have examined closely the several authorities cited in the plaintiff's brief submitted on this motion, and they serve to confirm my first impression, as expressed upon the hearing, that while this court would be loath to extend its aid to a railroad company in the conduct or management of its business, the fact that it is a railroad corporation·should not deter the court from protecting it in the same manner as it would any other suitor—in cases where its rights were being invaded by fraudulent practices for which an adequate legal remedy is wanting.

Motion granted as to each defendant named, except the defendant Kenneth J. Roberts, and it will be extended also to include that defendant upon filing due and sufficient proof of service of the motion papers upon him.