## PHILADELPHIA RECORD CO. v. LEOPOLD et al.

District Court, S. D. New York.
Aug. 21, 1941.

Lewis Ginsburg, of New York City, for plaintiff.

M. H. Miller, of New York City, for defendant.

RIFKIND, District Judge.

The plaintiff seeks an injunction pendente lite in aid of its action for a permanent injunction.

Since May, 1941 the plaintiff, publisher of a newspaper in the City of Philadelphia, has invited its readers and the public to participate in a puzzle contest known as the "rebus games". Thereby plaintiff, expects to increase the circulation of its newspaper. Because of the offer of substantial cash prizes to the successful participants, the contest has attracted a considerable number of entrants in the competition.

Daily since the inception of the game the newspaper has printed a puzzle picture or riddle. Each contestant is required to

solve the daily riddle and, weekly, to send the answers to the plaintiff accompanied by ten cents. At the conclusion of the contest, officials named by the plaintiff will determine the winners.

The contest is governed by rules formulated by the plaintiff. To be eligible for a prize a contestant must comply with these rules. No person who has previously won a prize of one hundred dollars or more in any contest is eligible to participate and all contestants who obtain answers by purchase or exchange are disqualified.

It appears from the papers presented that the defendants are engaged in the business of rendering advice and assistance, for a price, in the solution of these puzzles. It is conceded by the defendants that they are professionals in this line of endeavor and are engaged in similar activity in other contests held throughout the country. It is not disputed that defendants are presently soliciting contestants to buy what purport to be solutions of the puzzles in plaintiff's contest; nor is it questioned that sales have been effected.

Both parties are engaged in their respective activities for profit. No question of public interest or policy is involved.

Plaintiff contends that this activity on the part of the defendants tends to destroy the effectiveness of the contest, that it discourages contestants who have not subscribed for defendants' services from continuing in competition, that it vitiates the integrity of the contest and induces breaches of plaintiff's rules which it cannot detect. It is charged that the entrants have placed some measure of blame for this state of affairs upon the plaintiff, believing plaintiff to be guilty of duplicity. Plaintiff argues that the final result is to damage not only the contest and to cheat plaintiff and the contestants out of the prize money but also to do serious injury to the business, reputation, circulation and revenue of the plaintiff.

It cannot be doubted that defendants' activity is injurious to plaintiff's business. The question is whether the injury is of the kind which, in a relatively free economy, the plaintiff is obliged to suffer. Is it akin to lawful competition of which plaintiff cannot complain? The line of demarcation is not always distinct and may vary from generation to generation as standards of business ethics move up and down. Under the circumstances precedents are suggestive but not conclusive.

■ It is my conclusion that the conduct of the defendants constitutes an unlawful interference with the plaintiff's business and that it may be prevented by injunctive relief.

■ The right to conduct a lawful business is a property right which may be protected from unlawful interference. Smyth v. Ames, 169 U.S. 466, 18 S.Ct. 418, 42 L.Ed. 819; Scott v. Donald, 165 U.S. 107, 17 S.Ct. 262, 41 L.Ed. 648.

It has been held that a railroad, which sells reduced rate commutation tickets which are designated by their terms to be nontransferable, is entitled to injunctive relief against one purchasing such a ticket and reselling it or re-renting it to others for his own profit. Such conduct has been condemned as an unlawful interference with the business of the railroad. Bitterman v. Louisville & N. R. Co., 207 U.S. 205, 28 S.Ct. 91, 52 L.Ed. 171, 12 Ann.Cas. 693; Long Island R. Co. v. Lanice, Sup., 136 N.Y.S. 138.

In Sperry & Hutchinson v. Mechanics' Clothing Co., C.C., 128 F. 800, the plaintiff was engaged in the business of selling to retail stores in the city of Providence certain "trading stamps" pursuant to a contract between the plaintiff and the retailers. These stamps were part of an advertising scheme and, according to the plan, were to be given away to persons purchasing merchandise from the retailers at a rate proportionate to the amount of each sale. The persons receiving these stamps were entitled to have them redeemed by the plaintiff for merchandise. The defendant, by methods which were not contemplated by the plaintiff, secured large quantities of the stamps and offered them for resale to other merchants, thus creating a destructive competition. The effect of this activity by the defendant was to vitiate to a large extent the effectiveness of the advertising campaign and to destroy the value of the scheme created by the plaintiff. The court enjoined the defendant from this activity holding, among other things, that injunction was the only adequate remedy. See, also, Sperry & Hutchinson v. Mechanics' Clothing Co., C.C., 135 F. 833; Sperry & Hutchinson v. Temple, C.C., 137 F. 992. It seems apparent without the citation of further authority that the conduct of the defendants in this case will be equally destructive of the plaintiff's contest.

An effort has been made in the defendants' brief to describe other forms of endeavor which have not been condemned although injurious to another's business. Included in these are race horse touting and ticket speculation. The argument is not convincing. The legitimacy of each of them may be debated but I do not consider that a determination in either instance would be controlling here.

■ The defendants have attempted to vindicate their position by the argument that there is no privity of contract between themselves and the plaintiff. This is of no moment. The relationship between the plaintiff and the entrants in its puzzle contest is clearly contractual. The plaintiff's offer is accepted by the contestant's performance. The defendants' solicitation and sale of answers constitute an inducement to a breach of contract. This is an actionable wrong. Lumley v. Wagner (1852) 1 De G., M. & G. 604; Chicago Board of Trade v. Christie Grain & Stock Co., 1905, 198 U.S. 236, 25 S.Ct. 637, 49 L. Ed. 1031; Truax v. Raich, 1915, 239 U.S. 33, 36 S.Ct. 7, 60 L.Ed. 131, L.R.A.1916D, 545, Ann.Cas.1917B, 283.

The problem is complicated by the fact that the offeree was under no duty to perform. It may be questioned whether in such case one can be guilty of inducing a breach of contract on part of the offeree. However defendants are clearly inducing contestants to tender spurious performance.

■ I think it is plain that an action at law for damages would not be an adequate remedy. This is so for the reason, among other things, that the difficulty of detecting particular instances of sale and solicitation upon which to predicate such action would be insurmountable. Furthermore, an effort to compute the exact amount of damages would prove unsatisfactory.

■ Under all the circumstances in this case plaintiff's application for a temporary injunction should be granted. The defendants, their respective agents, servants, employees and all persons whatsoever acting in their behalf or in conjunction with them or any of them during the pendency of this action are restrained from in any wise advertising, offering for sale, selling, offering for exchange, exchanging, offering to give, giving, or soliciting such sale, exchange or giving of answers or alleged answers to the puzzle contest involved herein. In accordance with subdivision (c) of rule 65 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, the plaintiff shall, as a condition to the issuance of the injunction herein post good and sufficient security in the sum of $500.

Submit order.