**GEMEROY et al. v. LEOPOLD.**

District Court, S. D. New York.

March 10, 1948.

Rehearing Denied Aug. 17, 1948.

Campbell, Brumbaugh & Free, of New York City, for plaintiffs.

Rothbart & Rothstein, of New York City, for defendant.

MEDINA, District Judge.

The motion for leave to amend the complaint is granted and plaintiffs should prepare and serve an amended complaint in accordance with the paper dated February 3, 1948 entitled "Amendment to Complaint." The amendment to the complaint, supplemented by the proofs submitted, discloses sufficient to warrant a finding that the necessary jurisdictional amount is involved,

subject to reconsideration at the trial when both sides have rested and the evidence is complete. The temporary restraining order dated January 20, 1948 is continued and plaintiffs' motion for a preliminary injunction is granted. Philadelphia Record Co. v. Leopold, D.C.,S.D.N.Y., 40 F.Supp. 346 (Rifkind, J.) ; Stockholders Publishing Co. Inc. v. Weinstein, Leopold et al.,[1] (Civil 15—83, Conger, J.).

Settle order on notice.

## Findings of Fact and Conclusions of Law

This cause having come on to be heard on plaintiffs' motion for a preliminary injunction and the Court, after hearing the argument of counsel for the respective parties and upon consideration of the pleadings and affidavits of both parties filed herein, having granted said motion, Now, Therefore, pursuant to Rule 52 of the Federal Rules of Civil Procedure, the Court, being fully advised in the premises, makes the following Findings of Fact and Conclusions of Law:

### Findings of Fact

(1) That plaintiff, Gordon Fraser Gemeroy, is a Canadian citizen who has declared his intention of becoming a citizen of the United States and is a resident of and domiciled in the State of Washington, residing at 3734 Belvedere Avenue, Seattle 6, Washington;

(2) That plaintiff, The Gemeroy Company, Inc., is a corporation organized under and existing by virtue of the laws of the State of Washington with an office and place of business at 504 Mutual Life Building, Seattle 4, Washington;

(3) That defendant, Jules Leopold, is doing business under the firm name and style of Puzzlers' Research Bureau and maintains an office and place of business at 8 West 40th Street, New York, New York, and resides in the City and State of New York;

(4) That there is diversity of citizenship between the respective plaintiffs and the defendant;

(5) That the matter in controversy as to each plaintiff exceeds the amount of Three Thousand ($3,000) Dollars, exclusive of interest and costs;

(6) That plaintiffs are engaged in the business of managing and conducting fundraising campaigns; that in the usual fundraising campaign plaintiffs enter into a contract with a sponsoring charity or foundation which contract usually provides that plaintiffs, subject to approval by a contest committee appointed by the sponsors, shall supervise, conduct and manage all puzzle contests initiated for the purpose of raising the campaign funds, in return for which plaintiffs receive a percentage of the gross proceeds derived by such contests;

(7) That plaintiffs, as contest manager and supervisor, are agents of and in privity with the sponsoring charity or foundation and the contest committee appointed thereby;

(8) That in the normal course, the fundraising campaign is commenced by a published announcement which states the charity or purpose for which the campaign funds are to be raised and that any person donating a certain specified sum to the charity or foundation is thereby qualified to take part in the puzzle contest described in such published announcement for the winning solutions to which certain designated prizes are provided;

(9) That the usual contest provides for different prize payments for each of the top winning places, depending upon the amount of the contribution made by the contestant to the campaign fund;

(10) That the initial contribution which the contestant elects to make carries the contestant through the preliminary puzzle and all subsequent tie-breaker puzzles which may be necessitated in order to determine the prize winners, although the contestant may add to or increase his contribution at his option;

(11) That the puzzle contests conducted and supervised by plaintiffs are in fact contests of skill;

(12) That the usual contest rules provide inter alia the following:

(a) It is contrary to the rules for a contestant to accept help from anybody outside of his immediate family;

---

[1] No opinion for publication.

(b) Every contestant agrees and consents to all of the rules of the first or succeeding puzzles;

(c) Failure to comply with all the rules disqualifies a contestant's entry;

(13) That at the time a contestant submits his answer to the preliminary puzzle in the contest he enters into a unilateral contract wherein he agrees to abide by the rules of any succeeding puzzle involved in the contest (that is, tie-breaker puzzle) which may be necessitated to determine the prize winners;

(14) That plaintiffs have established a valuable good will among sponsors of fund-raising campaigns and among contestants in puzzle contests for promoting, managing and conducting honest and interesting competitions employed for fund-raising purposes;

(15) That defendant, Jules Leopold, among other things, is in the business of soliciting contestants in puzzles promoted and managed by plaintiffs, and of offering to sell and of selling to said contestants alleged answers to the puzzles which defendant has worked out and derived, with the alleged aid of numerous professional puzzle solvers;

(16) That defendant is familiar with the contest rules providing that contestants must not receive outside help;

(17) That defendant knows that contestants who purchase alleged answers from him intend to adopt such answers as their own, in violation of the contest rules, and will thereby disqualify their respective entries;

(18) That each contestant who purchases defendant's answers and enters such answer as his own, in violation of the contest rules thereby either gives spurious and fraudulent performance to the contest offer, or is guilty of breach of his contractual obligations under the contest rules;

(19) That plaintiffs are required to eliminate any answer or solution which is not the work of the contestant submitting it under the contest rules;

(20) That in most instances, it is impossible to tell which answers or solutions are fraudulently submitted and therefore subject to disqualification under the contest rules;

(21) That in the event the alleged answer sold by defendant is high enough to qualify among the prize winners, such acts of defendant then necessitate either (a) further tie-breaker phases to eliminate the resulting multiple ties, or (b) extensive investigation on the part of plaintiffs to determine which of those contestants involved in the multiple tie should be disqualified, either course being time-consuming and interfering with plaintiffs' entry into further gainful contracts with other sponsors;

(22) That defendant's action further causes immediate and irreparable damage to plaintiffs in that many contestants upon being solicited by defendant and asked to purchase his professionally derived answer to the puzzle contest:

(a) drop out of the contest entirely without submitting any contribution;

(b) greatly decrease the size of the contribution that they would otherwise give; and

(c) suspect collusion between the plaintiffs and defendant which greatly damages the good will of plaintiffs;

(23) That if defendant continues his present course of business in soliciting and selling answers to contestants participating in plaintiffs' contests, such action eventually would destroy said business of plaintiffs;

(24) That plaintiffs have no adequate remedy at law.

## Conclusions of Law

1. Plaintiffs' business of conducting, managing and supervising fund-raising campaigns through the medium of puzzle contests, is a lawful business, entitled to protection in equity;

2. Plaintiffs are the agents of and in privity with the sponsoring charity or foundation and the contest committee appointed thereby, for whom plaintiffs conduct, manage and supervise the various puzzle contest campaigns;

3. Defendant has illegally caused contestants to violate and breach their con-

tractual obligations as set out in the contest rules;

4. Defendant has illegally caused contestants to give fraudulent and spurious performance to the offer contained in the contest literature.

5. Defendant has illegally interfered with plaintiffs' business.