ELSIE WILKINS WILLIAMS, Original Plaintiff v. EAST COAST SALES, INC. and WACHOVIA BANK & TRUST COMPANY, N.A., Original Defendant, and THOMAS I. DUDLEY, Additional Defendant

No. 806SC643

(Filed 3 February 1981)

**Appeal and Error § 6.6— denial of motion to dismiss — order not immediately appealable**

   An order denying defendant's motion to dismiss plaintiff's claim for punitive damages was not immediately appealable.

APPEAL by defendant East Coast Sales, Inc. from *Tillery, Judge.* Order entered 14 February 1980 in Superior Court, BERTIE County. Heard in the Court of Appeals 16 January 1981.

In this action the plaintiff claims that East Coast Sales, Inc. is indebted to her in the amount of $2,500.00 because it caused her to make expenditures for the purchase and installation of a mobile home on a lot for which East Coast knew or should have known the plaintiff could not get sewage or electrical service. In a second claim for relief, the plaintiff asked that the note and purchase money security agreement, which had been executed in connection with the transaction, be set aside. In a third claim for relief, the plaintiff asked for punitive damages from East Coast because East Coast did not properly advise plaintiff as required by the provisions of Chapter 130 of the General Statutes of North Carolina. The defendant East Coast moved pursuant to G.S. 1A-1, Rule 12(b)(6) that the plaintiff's claim for punitive damages be dismissed. This motion was denied, and the defendant East Coast appealed.

*Pritchett, Cooke and Burch, by W. L. Cooke, for plaintiff appellee.*

*Thomas L. Jones for defendant appellant.*

WEBB, Judge.

   The threshold question in this case is whether the order denying the defendant's motion to dismiss is appealable. We hold that it is not. The appealability of orders which do not finally dispose of all claims has been passed on many times by the appellate courts in this State. *See Whalehead Properties v. Coastland Corp.,* 299 N.C. 270, 261 S.E. 2d 899 (1980); *Industries, Inc. v. Insurance Co.,* 296 N.C. 486, 251 S.E. 2d 443 (1979); *Nasco Equipment Co. v. Mason,* 291

N.C. 145, 229 S.E. 2d 278 (1976); *Newton v. Insurance Co.*, 291 N.C. 105, 229 S.E. 2d 297 (1976); *Oestreicher v. Stores*, 290 N.C. 118, 225 S.E. 2d 797 (1976); *Highway Commission v. Nuckles*, 271 N.C. 1, 155 S.E. 2d 772 (1967); *Beck v. Assurance Co.*, 36 N.C. App. 218, 243 S.E. 2d 414 (1978). These cases interpret G.S. 1-277, G.S. 7A-27, and G.S. 1A-1, Rule 54(b). They hold that unless an interlocutory order affects some substantial right claimed by the appellant and will work an injury to him if not corrected before a final judgment, the order is not appealable. G.S. 1A-1, Rule 54(b) additionally applies in certain cases involving multiple parties or multiple claims. In the case sub judice there are not mutiple claims, rather there are three claims which grow from one incident. We have held in *Hankins v. Somers*, 39 N.C. App. 617, 251 S.E. 2d 640 (1979) that the denial of a motion to dismiss is not appealable. That case held that the party whose motion is denied is not injured if he cannot appeal until after a final judgment has been entered. We hold we are bound by *Hankins*.

Appeal dismissed.

Judges MARTIN (Harry C.) and WHICHARD concur.