WILLENE PATTERSON v. DAC CORPORATION OF NORTH CAROLINA, FIRST SECURITY AND MORTGAGE COMPANY, ALVIN LONDON, MID-SOUTH COMMERCIAL COMPANY, ALLAN MILES, LOGAN PORTER AND SALLIE B. PORTER

No. 8219DC1317

(Filed 17 January 1984)

**1. Appeal and Error § 6.2— summary judgment for fewer than all defendants — appeal not premature**

Where plaintiff alleged that each defendant is liable on each claim and that defendants' actions were interrelated, plaintiff had a substantial right to have all her claims against all defendants considered together, and the trial court's order allowing summary judgment for fewer than all defendants affected a substantial right of plaintiff and was immediately appealable because of the possibility of a second trial on the same issues and of inconsistent verdicts in the two trials. G.S. 1-277; G.S. 7A-27(d).

**2. Mortgages and Deeds of Trust § 39— action for wrongful foreclosure — statute of limitations**

Plaintiff's claim for wrongful foreclosure was barred by the statute of limitations where it was filed more than three years after the property was transferred to a third party.

**3. Consumer Credit § 1— action for truth-in-lending violations — statute of limitations**

Plaintiff's claim based on alleged violations of the Truth-in-Lending Act, 15 U.S.C. § 1601 *et seq.*, was barred by the statute of limitations where it was commenced more than one year after the transactions were entered into, and plaintiff's contention that her claim was in the nature of a counterclaim and should be allowed even though barred by the statute of limitations was untenable.

**4. Usury § 4— statute of limitations for usury**

Plaintiff's claim to recover a penalty for usurious interest on a loan secured by a deed of trust on plaintiff's home was barred by the statute of limitations where it was commenced more than two years after plaintiff's last payment on the loan. Where the lender foreclosed on plaintiff's property and conveyed its interest to a third party, and plaintiff and the third party entered into an agreement a month later for plaintiff to repurchase the home, the repurchase agreement did not constitute a continuation of the original loan so that payments under such agreement constituted payments on the original loan for statute of limitations purposes.

**5. Unfair Competition § 1— unfair trade practices — statute of limitations**

Plaintiff's claim based on unfair and deceptive trade practices was barred by the 4-year statute of limitations of G.S. 75-16.2 where the alleged misrepresentations occurred almost six years prior to the commencement of the action.

**6. Consumer Credit § 1— violations of Consumer Finance Act—claim barred by statute of limitations**

Plaintiff's claim based on alleged violations of the North Carolina Consumer Finance Act, G.S. 53-164 *et seq.*, was barred by the statute of limitations of G.S. 1-52(2) where the events which formed the basis of the claim occurred more than three years prior to institution of the action.

APPEAL by plaintiff from *Montgomery, Judge.* Judgment entered 26 August 1982 in District Court, CABARRUS County. Heard in the Court of Appeals 15 November 1983.

Plaintiff appeals from allowance of defendants' motions for summary judgment.

*Legal Services of Southern Piedmont, Inc., by Nancy C. Northcott and Mary Margaret Flynn, for plaintiff appellant.*

*Burke & Donaldson, by Arthur J. Donaldson, for DAC Corporation of North Carolina, defendant appellee.*

*Williams, Grady & Tuttle, by Thomas M. Grady, for Allan Miles and First Security and Mortgage Co., defendant appellees.*

*Golding, Crews, Meekins, Gordon & Gray, by John G. Golding and Henry C. Byrum, Jr., for Alvin London, defendant appellee.*

*Rutledge, Friday, Safrit & Smith, by Reginald K. Smith, for Midsouth Commercial Co., defendant appellee.*

WHICHARD, Judge.

I.

Plaintiff and her husband obtained a loan in the amount of $1,400 from defendant DAC Corp. on 25 February 1975. The loan was arranged by defendant Miles in the offices of defendant First Security and Mortgage Co. It was secured by a deed of trust on plaintiff's home, which already was mortgaged to Citizens Savings and Loan Association. Defendant London was the trustee under the deed of trust. Plaintiff also purchased credit life, health, and accident insurance from Union Security Life Insurance Co.

Plaintiff and her husband subsequently fell in default on their loan payments, and the property was foreclosed on under the power of sale contained in the DAC deed of trust. The property

was purchased at the foreclosure sale on 10 October 1975 by defendant DAC Corp. for $1,948. On 29 October 1975 defendant London transferred the property to defendant DAC Corp. Thereafter on 6 November 1975 defendant DAC Corp. transferred the property to defendant Sallie Porter. She and her husband then negotiated an executory contract with plaintiff whereby plaintiff would repurchase the property. After plaintiff fell in arrears, the Porters filed an action for summary ejectment. Plaintiff alleges that the Porters' relationship with defendant Midsouth Commercial Co. is such that it renders "the actions of each of them attributable to all of them."

Plaintiff filed an answer and asserted several counterclaims in response to the summary ejectment action. She then filed a complaint asserting her claims against the other defendants and dismissing the counterclaims in favor of the claims asserted in the complaint. Plaintiff's complaint includes the following claims: wrongful acceleration and foreclosure, breach of fiduciary duties, unjust enrichment, truth-in-lending violation, usury, unfair and deceptive trade practices, and North Carolina Consumer Finance Act violation.

Plaintiff appeals from summary judgment for all defendants except the Porters.

## II.

[1] Since summary judgment was granted for fewer than all defendants, and the court did not certify that there was "no just reason for delay" pursuant to G.S. 1A-1, Rule 54(b), the first issue is whether plaintiff's appeal is premature. It is "unless the order allowing summary judgment affected a substantial right." *Bernick v. Jurden,* 306 N.C. 435, 439, 293 S.E. 2d 405, 408 (1982); *see also* G.S. 1-277, 7A-27(d).

In deciding what constitutes a substantial right, "[i]t is usually necessary to resolve the question in each case by considering the particular facts of that case and the procedural context in which the order from which appeal is sought was entered." *Waters v. Personnel, Inc.,* 294 N.C. 200, 208, 240 S.E. 2d 338, 343 (1978). Examples of when a substantial right is affected include cases where there is a possibility of a second trial on the same issues, *Green v. Duke Power Co.,* 305 N.C. 603, 606, 290 S.E. 2d

593, 595 (1982), and where there is a possibility of inconsistent verdicts. *Bernick, supra.*

Here, plaintiff's complaint alleges that each defendant is liable on each claim. No distinction between defendants is made. Moreover, she alleges that the defendants' actions were interrelated. Thus, if plaintiff's appeal is not allowed she may face a second trial based on the same issues. There is also a possibility of inconsistent verdicts in the two trials.

We thus hold that plaintiff has a substantial right to have her claims against all defendants considered together, and we allow the appeal.

### III.

[2]   Plaintiff's first and second claims are based on wrongful acceleration and foreclosure. Plaintiff now contends that these claims are based upon breach of contract. Although not conclusive, her complaint denominates the claim as wrongful foreclosure, and that theory was argued in the court below. Prior to her brief on appeal, plaintiff had not argued that her claim was based on breach of contract.

Further, "[i]t has long been a general rule that in determining the applicable statute of limitations, the focus should be upon the nature of the right which has been injured and not the remedy therefor." *Holley v. Coggin Pontiac,* 43 N.C. App. 229, 241, 259 S.E. 2d 1, 9, *disc. rev. denied,* 298 N.C. 806, 261 S.E. 2d 919 (1979). Here, plaintiff's injured right is the right not to have her property wrongfully foreclosed upon.

A claim for wrongful foreclosure accrues when the mortgagee conveys the property to a third party. *Davis v. Doggett,* 212 N.C. 589, 594, 194 S.E. 288, 291 (1937). The claim is actually based on fraud. *Massengill v. Oliver,* 221 N.C. 132, 134, 19 S.E. 2d 253, 255 (1942). Thus, the statute of limitations is three years from the date of transfer of the property to a third party, *Davis, supra,* unless plaintiff demonstrates "that she first discovered facts about the transaction which would constitute fraud within the three years prior to the filing of [the] action." *Poston v. Morgan-Schultheiss, Inc.,* 46 N.C. App. 321, 323, 265 S.E. 2d 615, 616, *cert. denied,* 301 N.C. 95 (1980). Plaintiff has failed to do this, and the

court was correct in granting defendants' motion for summary judgment as to the first two claims, which were instituted more than three years after the date of the transfer.

## IV.

Plaintiff does not address in her brief the correctness of the court's ruling on her third claim, that for unjust enrichment. Any questions raised by her assignments of error as to this claim are thus deemed abandoned. N.C. R. App. P. 28(a).

## V.

[3] Plaintiff's fourth claim is based on truth-in-lending violations. She contends that neither the deed of trust nor her contract with the Porters contained the disclosures required by the Truth-in-Lending Act, 15 U.S.C. § 1601 *et seq.* and Regulation Z, 12 C.F.R. § 226.

The applicable statute of limitations, however, is "one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e). The date the transaction is entered into is the date of the violation. *Bartholomew v. Northampton National Bank of Easton,* 584 F. 2d 1288, 1296 (3d Cir. 1978); *Chevalier v. Baird Savings Assoc.,* 371 F. Supp. 1282, 1284 (E.D. Pa. 1974). Plaintiff's action was commenced more than one year after the transactions were entered into, and it thus is barred by the statute of limitations.

Plaintiff contends her claim is in the nature of a counterclaim and should be allowed even though barred by the statute of limitations. 15 U.S.C. § 1640(e); *see also* G.S. 1-47(2). Although failure to denominate a claim as a counterclaim does not preclude its treatment as such, *McCarley v. McCarley,* 289 N.C. 109, 114, 221 S.E. 2d 490, 494 (1976), plaintiff's claim clearly is not a counterclaim. Plaintiff originally filed an answer and counterclaim in response to the summary ejectment action, but she dismissed them. She then filed the complaint which instituted this action. Until plaintiff filed her complaint, there was no action pending in which defendants for whom summary judgment was granted were involved.

Plaintiff's contention that her claims should be treated as a counterclaim is untenable. The court thus was correct in allowing

defendants' motion for summary judgment as to plaintiff's fourth claim.

## VI.

[4]   Plaintiff's fifth claim is based on usury. She contends that the interest rate on the loan obtained from DAC Corp. exceeded the legal rate. G.S. 1-53(2) provides that an action to recover the penalty for usurious interest must be brought within two years from the time a cause of action accrues. The action accrues at the time the payment is made. *Henderson v. Finance Co.*, 273 N.C. 253, 264, 160 S.E. 2d 39, 47 (1968). Here, plaintiff's last payment under the DAC loan was made more than two years prior to the commencement of this action. The action is thus barred by the statute of limitations.

Plaintiff contends, however, that the executory contract she entered with defendants Porter was actually a continuation of the DAC loan. Since plaintiff made a payment to defendants Porter within two years prior to the commencement of this action, she argues her claim is not barred, citing *Henderson v. Finance Co.*, *supra.*

*Henderson* clearly is distinguishable, however. Defendant there foreclosed on plaintiff's property, and contemporaneously therewith entered into a "rent" agreement with plaintiffs. The Court held that the "rent" agreement was in reality a continuation of the mortgage. *Id.* at 261, 160 S.E. 2d at 45.

Here, defendant DAC Corp. foreclosed on plaintiff's property and conveyed its interest to defendant Sallie Porter. Almost a month later plaintiff entered into an agreement with defendants Porter. We thus hold that the agreement with defendants Porter was not a continuation of the DAC loan. Plaintiff's fifth claim is barred by the statute of limitations, and the court was correct in granting summary judgment thereon.

## VII.

[5]   Plaintiff's sixth claim is based on unfair and deceptive trade practices. She contends defendants induced her to execute the note and deed of trust by misrepresenting that the insurance contract would cover any loan payments plaintiff was unable to make because of death, illness, or disability.

The statute of limitations on this claim is four years. G.S. 75-16.2. Since the alleged misrepresentations occurred almost six years prior to commencement of this action, plaintiff's sixth claim is barred by the statute of limitations.

## VIII.

[6] Plaintiff's seventh claim alleges violations of the North Carolina Consumer Finance Act, G.S. 53-164, *et seq.* Since the Act establishes a private right of action for its violation, and does not prescribe a different period of limitation, the action is one created by statute which is subject to a three year statute of limitations. G.S. 1-52(2). The alleged events which form the basis of this claim occurred more than three years prior to institution of the action, and this claim thus is also barred by the statute of limitations.

For the foregoing reasons, we hold that the court correctly granted defendants' motions for summary judgment.

Affirmed.

Judges HEDRICK and BECTON concur.