ROBINS & WEILL, INC. v. HOMER L. MASON AND ROGER M. HILL, IN-
DIVIDUALLY AND TRADING AS BUSINESS INSURERS

No. 8318SC1201

(Filed 2 October 1984)

**Master and Servant § 11.1— covenants not to compete—preliminary injunction proper**

The trial court properly granted plaintiff's motion for a preliminary injunction enjoining defendants from breaching covenants not to compete contained in their employment contracts where plaintiff presented evidence that its president and vice-president personally discussed the requirement of signing a covenant not to compete with defendants as a condition of their employment; plaintiff presented the affidavits of seven of its employees who were specifically told in pre-employment interviews that a covenant not to compete would be required and who had the terms of their individual employments, once finalized, reduced to writing and signed; plaintiff offered the signed contracts of defendants, dated as of the time they began working for plaintiff, in which they agreed not to compete; plaintiff offered evidence that the covenant was a reasonable means used by plaintiff to protect its legitimate business interest and was reasonable as to time, three years, and territory, at most only two counties; and plaintiff was likely to sustain irreparable loss unless the injunction was issued.

APPEAL by defendants from *Hobgood (Hamilton H.), Judge.* Order entered 15 August 1983 in Superior Court, GUILFORD County. Heard in the Court of Appeals 31 August 1984.

*Stern, Rendleman & Klepfer by Robert O. Klepfer, Jr., for plaintiff appellee.*

*Helms, Mulliss & Johnston by E. Osborne Ayscue, Jr., for defendant appellants.*

BRASWELL, Judge.

Robins and Weill, Inc., the plaintiff-insurance agency, brought this action to enjoin two of its former employees from breaching covenants not to compete contained in their employment contracts. After a hearing the trial court entered a preliminary injunction against the defendants. The defendants appealed and also filed in the Court of Appeals petitions to stay the preliminary injunction and a writ of supersedeas. In an *ex parte* order, this Court stayed the preliminary injunction as far as it prevented the defendants from competing in all lines of general insurance, but kept intact that portion of the injunction which forbade the defendants from selling commercial line property and casualty insurance, until a final decision on the merits had been reached in the trial division. From this ruling, both parties appealed to the Supreme Court which denied their motions.

The pertinent facts of this case follow: The defendant Mason was employed by the plaintiff on 14 August 1972. The defendant Hill was first employed on 12 August 1974. Both men were hired to secure and service commercial insurance accounts. The defendants contend that several weeks after they had each started to work they were handed employment contracts to sign which contained the following covenant not to compete:

> 4. Mason [Hill], as consideration for his employment by the Company and in consideration of the covenants and agreements herein provided to be performed by the Company, agrees that at no time during the term of his employment, or for a period of three (3) years beginning at the termination of his employment, will he for himself or on behalf of any other person, persons, partnership or corporation, engage directly or indirectly in the general insurance business in competition with the Company within Guilford County, [as to Hill, also Randolph County] North Carolina; nor will he in any way directly or indirectly for himself or on behalf of or in conjunction with any other person, persons, partnership or corporation, solicit, divert, or take away any of the customers or business of the Company during the aforesaid period in Guilford County, N.C. [as to Hill, also Randolph County].

On 30 June 1983, Mason was fired by the plaintiff because he had approached insurance companies for which the plaintiff was an agent with the proposition that they appoint him as their agent when he left the employment of Robins and Weill. On 1 July 1983, Hill resigned from the employment of Robins and Weill. Mason and Hill on or about 1 July 1983 then opened their own general insurance business in Greensboro under the name of "Business Insurers." According to the defendant's brief, "[t]here is no dispute that the defendants were competing with the plaintiff in Guilford County at the time the suit was brought and defendants did not challenge the reasonableness of the purported covenants as they relate to time or territory."

The defendants assert that the covenant not to compete contained in the documents had never been mentioned before or bargained for as a part of their original employment agreement. Because their written employment contracts were executed after they had started to work for the plaintiff pursuant to their oral employment agreements, the defendants contend that the covenant found within the written documents was not supported by valuable consideration.

The plaintiff, however, argues that it is its established practice to obtain covenants not to compete with its employees prior to and as a condition of employment. John P. Young, III, senior vice president and agency manager for Robins and Weill, testified by affidavit that he discussed with Mason and Hill in several pre-employment conversations that they would have to sign a covenant not to compete with the agency. In addition to their discussions, Young furnished Mason with a copy of the written covenant used by Robins and Weill. Young also testified that he told Mason and Hill that the terms of their employment which had previously been discussed would later be reduced to a written agreement. Thereafter, Mason signed a written employment contract, dated 14 August 1972, with the plaintiff agreeing not to compete or to attempt to lure away any of the plaintiff's clients. Hill also signed an employment contract, dated 12 August 1974, agreeing not to compete with the plaintiff or to solicit its customers.

The ultimate issue for our determination is whether the trial court properly granted the preliminary injunction against the de-

fendants. "The term, 'preliminary injunction' refers to an interlocutory injunction issued after notice and hearing which restrains a party pending trial on the merits. G.S. 1A-1, Rule 65." *Pruitt v. Williams*, 288 N.C. 368, 371, 218 S.E. 2d 348, 350 (1975). Of course, no appeal lies to an appellate court from an interlocutory order unless the order deprives the appellant of a substantial right which he would lose absent a review prior to final determination. G.S. 1-277; G.S. 7A-27(d)(1). "Thus, the threshold question presented by a purported appeal from an order granting a preliminary injunction is whether the appellant has been deprived of any substantial right which might be lost should the order escape appellate review before final judgment." *State v. School*, 299 N.C. 351, 358, 261 S.E. 2d 908, 913, *rehearing on other grounds*, 299 N.C. 731, 265 S.E. 2d 387, *appeal dismissed*, 449 U.S. 807, 101 S.Ct. 55, 66 L.Ed. 2d 11 (1980). In the present case, we hold that the granting of the plaintiff's motion for a preliminary injunction deprived the defendants of a substantial right. By the terms of the covenants not to compete, the defendants are forbidden from engaging "in the general insurance business" in competition with the plaintiff. The trial court's enforcement of the covenant has effectively closed the defendants out of the insurance business in the territory where they have recently begun an insurance agency of their own. *See Industries, Inc. v. Blair*, 10 N.C. App. 323, 331, 178 S.E. 2d 781, 786 (1971). With the covenant lasting for three years, we recognize, as the Supreme Court did in *A.E.P. Industries v. McClure*, 308 N.C. 393, 401, 302 S.E. 2d 754, 759 (1983), that "where time is of the essence, the appellate process is not the procedural mechanism best suited for resolving the dispute. . . . Nevertheless, because this case presents an important question affecting the respective rights of employers and employees who choose to execute agreements involving covenants not to compete, we have determined to address the issues."

The scope of appellate review in the granting or denying of a preliminary injunction is essentially *de novo*. "[A]n appellate court is not bound by the findings, but may review and weigh the evidence and find facts for itself." *Id.* at 402, 302 S.E. 2d at 760. A preliminary injunction, as a general rule, will be issued only "(1) if a plaintiff is able to show *likelihood* of success on the merits of his case and (2) if a plaintiff is likely to sustain irreparable loss

unless the injunction is issued, or if, in the opinion of the Court, issuance is necessary for the protection of a plaintiff's rights during the course of litigation." *Investors, Inc. v. Berry*, 293 N.C. 688, 701, 239 S.E. 2d 566, 574 (1977).

In our review of the record it appears that the plaintiff has shown a likelihood of success on the merits. The plaintiff has presented the affidavits of its president, Charles L. Weill, Jr., and senior vice-president, John P. Young, that they personally discussed the requirement of signing a covenant not to compete with Mason and with Hill as a condition of their employment. The plaintiff also presented the affidavits of seven of its employees who were specifically told in pre-employment interviews that a covenant not to compete would be required and who had the terms of their individual employments, once finalized, reduced to writing and signed. Finally, the plaintiff has offered the signed contracts of Mason and Hill, dated as of the time they began working for the plaintiff, in which they agreed not to compete against the plaintiff at the termination of their employment.

An enforceable covenant not to compete must be: (1) in writing; (2) reasonable as to time and territory; (3) made a part of the employment contract; (4) based on valuable consideration; and (5) designed to protect a legitimate business interest of the plaintiff. *A.E.P. Industries v. McClure, supra*, at 403-404, 302 S.E. 2d at 760-61; *see*, G.S. 75-4. On appeal, the defendants have contested the reasonableness of the covenants. In our review of the trial court's granting of the preliminary injunction, we do not determine whether or not the covenants are in fact reasonable, but rather whether from the evidence presented the plaintiff has shown a likelihood that the clause will be held reasonable when this case is heard on the merits. The plaintiff has offered evidence that it was engaged in the general insurance business and that the defendants through their positions with the agency had access to valuable information concerning the insurance needs of the plaintiff's customers. From the evidence before us the trier of fact could conclude that the covenant was a reasonable means used by the plaintiff to protect its legitimate business interest and was reasonable as to time and territory since the covenant restricts the defendants' activities for only three years and at most in only two counties.

The only prerequisite for an enforceable covenant contested by the defendants below was whether the covenant was based on valuable consideration. The defendants contend that the determination of this issue does not turn on the resolution of the factual conflict of the parties as to whether or not the covenant requirement was discussed with the defendants prior to· their employment. We must disagree. If the covenants were a part of the original verbal employment contract, then they were founded on valuable consideration. The fact that the written contracts were executed after the defendants had started work is insignificant. The covenants became enforceable once they were put in writing and signed by the party to be charged. *Industries, Inc. v. Blair, supra,* at 332, 178 S.E. 2d at 787. The covenants are therefore not void as a matter of law and the issue of consideration which hinges on the credibility of the parties will be decided according to whose version the trier of fact believes. Thus, we hold that the plaintiff has indeed shown a likelihood of success when the merits of this case are tried.

The second prong of the test in granting a preliminary injunction is whether the plaintiff is likely to sustain irreparable loss unless the injunction is issued or if the issuance is necessary for the protection of the plaintiff's rights during the course of litigation. The need for the preliminary injunction to protect the rights of the plaintiff during litigation is self-evident. Because the covenants are only for three years from the time of the defendant's termination of employment, time is of the essence. A denial of the plaintiff's motion for a preliminary injunction would essentially serve to foreclose much of the relief the plaintiff sought by obtaining the covenant not to compete from the defendants in the first place. *See A.E.P. Industries, Inc. v. McClure, supra,* at 405-06, 302 S.E. 2d at 762. Also, the defendants have started their own insurance agency which they admit is now in competition with the plaintiff. Mr. Hill also admitted that when he left the plaintiff's employment he took with him a copy of its customer list. In order to protect the plaintiff during the course of this litigation from the defendants' possible use of information they obtained while employees concerning the plaintiff's clients and their clients' particular insurance coverage, the granting of the preliminary injunction was necessary.

We hold the trial court properly granted the plaintiff's motion for a preliminary injunction. Thus, the partial temporary stay of the preliminary injunction previously issued by this Court is vacated. By affirming the trial court and by vacating the temporary stay, the plaintiff has been granted its desired relief until a final decision on the merits has been reached in the trial division. Therefore, the later motion filed by the plaintiff in response to the granting of the partial stay in favor of the defendants is denied.

Affirmed.

Judges HILL and BECTON concur.