GENEVA THOMPSON AND DAVID O. THOMPSON v. WILLIAM H. NEWMAN, INDIVIDUALLY, AND WILLIAM H. NEWMAN, M.D., P.A.

No. 8412SC898

(Filed 7 May 1985)

**Appeal and Error § 6.6— dismissal of punitive damages and loss of consortium claims—denial of dismissal on basis of statute of limitations—no right of immediate appeal**

Orders dismissing plaintiff wife's claim for punitive damages in a medical malpractice case and plaintiff husband's action for loss of consortium, leaving for trial only the wife's claim for compensatory damages, did not affect a substantial right and were not immediately appealable. Nor was an order denying defendants' motion to dismiss on the basis of the statute of limitations immediately appealable.

APPEAL by plaintiffs from *Bailey, Judge.* Order entered 3 April 1984 in Superior Court, CUMBERLAND County. Heard in the Court of Appeals 16 April 1985.

*Downing, David & Maxwell by Edward J. David for plaintiff appellants.*

*Anderson, Broadfoot, Anderson, Johnson & Anderson by Hal W. Broadfoot for defendant appellees.*

COZORT, Judge.

In this civil action, the plaintiffs seek to recover damages from the defendants for a mastectomy performed on plaintiff Geneva Thompson allegedly without obtaining her informed consent. Plaintiff Geneva Thompson seeks compensatory damages based on the alleged negligence and further seeks punitive damages alleging that the negligence was gross and in reckless or wanton disregard of her rights. Plaintiff David O. Thompson, Geneva's husband, seeks compensatory and punitive damages, alleging the surgery caused a loss of consortium.

The defendants moved to dismiss the claims on the basis that the action as set forth by the plaintiffs sounds in assault and battery and was not timely filed within the applicable one year statute of limitations. At a hearing on the motion, Judge Edwin S. Preston, Jr., denied the defendants' motion. The defendants further moved to dismiss the claims for failure to state a claim

against the defendants upon which relief could be granted. After a hearing on the G.S. 1A-1, Rule 12(b)(6) motion, Judge James H. Pou Bailey dismissed the entire claim of plaintiff David O. Thompson and dismissed the claim for punitive damages of plaintiff Geneva Thompson, leaving for trial only her claim for compensatory damages. Plaintiffs appealed the dismissals by Judge Bailey. The defendants have cross-assigned as error Judge Preston's denial of their first motion.

The orders before this Court are plainly interlocutory and do not necessitate immediate review. "Pursuant to G.S. § 1-277 and G.S. § 7A-27, no appeal lies to an appellate court from an interlocutory order or ruling of a trial judge unless such order or ruling deprives the appellant of a substantial right which he would lose absent a review prior to final determination." *A.E.P. Industries v. McClure*, 308 N.C. 393, 400, 302 S.E. 2d 754, 759 (1983). Neither party has shown any deprivation of a substantial right. Furthermore, under G.S. 1A-1, Rule 54(b), in the absence of a determination by the trial judge that "there is no just reason for delay," there can be no appellate review of an order which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties. *Pasour v. Pierce*, 46 N.C. App. 636, 265 S.E. 2d 652 (1980). The record below contains no such determination by the trial court. Additionally, the defendants' first motion to dismiss is not immediately appealable. *Williams v. East Coast Sales*, 50 N.C. App. 565, 274 S.E. 2d 276 (1981).

Appeal dismissed.

Judges ARNOLD and PHILLIPS concur.