AUTOMATED DATA SYSTEMS v. MYERS

[96 N.C. App. 624 (1989)]

AUTOMATED DATA SYSTEMS, Plaintiff v. KEN MYERS and CENTURY
DATA SYSTEMS OF CHARLOTTE, INC., Defendants

No. 8925SC158

(Filed 19 December 1989)

**Master and Servant § 11.1 (NCI3d) — covenant not to compete —
preliminary injunction — defendant's work not affected — inter-
locutory appeal dismissed**

Defendant's appeal from a preliminary injunction was in-
terlocutory and was dismissed where defendant was enjoined
from participating in any employment which competed with
plaintiff's business in certain cities and counties, but there
was no evidence that defendant worked in any of those areas
or that his work for a subsequent employer was affected by
the injunction in any way, and defendant therefore was not
deprived of a substantial right by the injunction.

**Am Jur 2d, Injunctions §§ 115-117.**

APPEAL by defendant Myers from judgment entered 20
September 1988 by *Judge Forrest A. Ferrell* in CATAWBA County
Superior Court. Heard in the Court of Appeals 14 September 1989.

This is an action for injunctive relief and damages based on
defendants' alleged breach of a covenant not to compete.

On 14 October 1986 plaintiff employed defendant Myers as
a "Customer Representative in Service, Sales, and Programming."
Plaintiff, a corporation with its principal place of business in Hickory,
North Carolina, is engaged in the sale, installation, and service
of cash registers and other computer equipment. When plaintiff
initially employed defendant Myers, they entered into an em-
ployment agreement including a covenant not to compete and an
agreement not to disclose confidential information. The pertinent
restrictions of the covenant not to compete are as follows:

In the geographic areas below, [Ken Myers will not] own manage,
operate, form, contract or participate in the ownership, manage-
ment or control of, or be employed by or connected in any
manner with any business which is or may be directly com-
petitive in any manner to that business engaged in by Automated
Data Systems, said business being the sale, installation and

servicing of all types of business equipment, said geographic areas being as follows:

(i) The City of Hickory, North Carolina, or any other city where Automated Data Systems operated offices at the time of this Agreement, or where Ken was employed by Automated Data Systems within a period of two (2) years following the termination of employment with Automated Data Systems;

(ii) The Counties of Catawba, Burke, Caldwell, Lincoln, Iredell, Watauga, and Alexander in the state of North Carolina; or

(iii) An area within a radius of sixty (60) air miles of the present city limits of the City of Hickory, North Carolina, or any other city where ADS operated offices at the time of this Agreement or where Ken Myers was employed by ADS within a period of two (2) years following the termination of employment with Automated Data Systems.

On 27 May 1988 plaintiff terminated defendant's employment. Defendant's job duties had not changed while he was employed by plaintiff. On or about 31 May 1988 defendant Century Data Systems (CDS) employed defendant Myers as a "field technician/board repair technician." CDS is also engaged in the business of sales, installation and service of cash registers. Myers had been employed by CDS for fourteen months before he was hired by plaintiff in October 1986. On 22 June 1988 plaintiff filed its complaint and motion for a temporary restraining order and preliminary injunction against defendants. Plaintiff prayed for injunctive relief against defendants specifically enforcing the terms of the covenants against competition and disclosure of confidential information and for monetary damages for breach of contract.

After a hearing the trial court entered an order granting plaintiff's motion for a preliminary injunction in part. Defendant was enjoined until trial from disclosing any confidential information "used or obtained . . . . or conveyed to him in connection with his relationship to Automated Data Systems"; from soliciting business of a type similar to that solicited by ADS from any customer of ADS; from inducing other employees of ADS to terminate their employment with plaintiff or enter into the employ of any direct competitor of plaintiff; from participating in any manner in the sale, installation and servicing of all types of business equipment

in the city of Hickory (or any other city where defendant was employed by plaintiff) or in the counties of Catawba, Burke, Caldwell, Lincoln, Iredell, Watauga, and Alexander. Defendant Myers appeals.

*Sigmon, Sigmon and Isenhower, by C. Randall Isenhower, for plaintiff-appellee.*

*Hall and Brooks, by W. Andrew Jennings and John E. Hall, for defendant-appellant.*

EAGLES, Judge.

A preliminary injunction is interlocutory in nature, issued after notice and hearing, which restrains a party pending final determination on the merits. Pursuant to G.S. § 1-277 and G.S. § 7A-27, no appeal lies to an appellate court from an interlocutory order or ruling of a trial judge unless such order or ruling deprives the appellant of a substantial right which he would lose absent a review prior to final determination.

*A.E.P. Industries, Inc. v. McClure*, 308 N.C. 393, 400, 302 S.E.2d 754, 759 (1983) (citations omitted). Our first inquiry is whether the preliminary injunction deprives defendant Myers of a substantial right which he would lose unless we review this issue prior to a final determination on the merits. On this record we conclude that defendant would not be deprived of a substantial right if there is no review of these issues prior to a final determination on the merits.

The trial court's injunction barred defendant from participating in any employment that competed with plaintiff's business in the following geographic locations: the city of Hickory or any other city where defendant worked for plaintiff; and the counties of Catawba, Burke, Caldwell, Lincoln, Iredell, Watauga and Alexander. We find no evidence in this record to show that defendant Myers was working for CDS in any of those areas. Myers' testimony was that he worked on cash registers either in the shop (in Charlotte) or that he traveled to Wadesboro (in Anson County), Asheville (in Buncombe County) and Lancaster, South Carolina. Defendant Myers' work is not affected by the injunction because none of those counties are included in the preliminary injunction. Although there was evidence that defendant Myers had been hired by CDS to service accounts in Iredell County, that the Charlotte office also serviced accounts in Lincoln and Catawba Counties, and that

CDS contemplated sending Myers to training school so he could service an account in Caldwell County, there is no evidence that these activities were occurring.

The injunction entered against defendant Myers does not deprive him of a substantial right; it does not enjoin him from engaging in any activity for defendant CDS that he was engaged in before the injunction was entered. Further, the injunction's restrictions are not so broad as to foreclose Myers from all possible employment in his field of expertise. Cf. *Masterclean of North Carolina, Inc. v. Guy*, 82 N.C. App. 45, 345 S.E.2d 692 (1986) (preliminary injunction against working as laborer in field of asbestos removal in five-state area is a deprivation of a substantial right); *Robins & Weill, Inc. v. Mason*, 70 N.C. App. 537, 320 S.E.2d 693, *disc. rev. denied*, 312 N.C. 495, 322 S.E.2d ·559 (1984) (where enforcement of covenant not to compete effectively closed defendants out of the insurance business where they had begun a business of their own, preliminary injunction deprived defendants of a substantial right); *Forrest Paschal Machinery Co. v. Milholen*, 27 N.C. App. 678, 220 S.E.2d 190 (1975) (preliminary injunction against competing with plaintiff within a radius of 350 miles of plaintiff's business affected a substantial right of defendants).

For the reasons stated, defendant's appeal is dismissed as interlocutory.

Dismissed.

Judges JOHNSON and GREENE concur.