TRAVCO HOTELS, INC., Plaintiff v. PIEDMONT NATURAL GAS COMPANY, INC., Defendant, and K & W RESTAURANT, INC., Plaintiff v. PIEDMONT NATURAL GAS COMPANY, INC., Defendant v. TRAVCO HOTELS, INC., Third Party Defendant

No. 9021SC437

(Filed 7 May 1991)

1. **Appeal and Error § 111 (NCI4th)— partial summary judgment — refusal to dismiss punitive damages claim — no immediate appeal**

    An order denying defendant's motion to dismiss plaintiff's claim for punitive damages does not affect a substantial right and is not immediately appealable.

    **Am Jur 2d, Appeal and Error §§ 62, 103.**

2. **Appeal and Error § 134 (NCI4th)— refusal to disqualify attorney — order not immediately appealable**

    Although a substantial right of defendant was affected by the trial court's order denying defendant's motion to disqualify plaintiff's counsel because of confidential information allegedly obtained by counsel during representation of defendant in a previous matter, the order was not immediately appealable since the deprivation of that right will not injure defendant if not corrected before a final judgment because defendant will not lose its right to appeal the denial of the motion after final judgment.

TRAVCO HOTELS v. PIEDMONT NATURAL GAS CO.

[102 N.C. App. 659 (1991)]

**Am Jur 2d, Appeal and Error §§ 47, 48, 86; Attorneys at Law § 184.**

Judge PHILLIPS concurring in part and dissenting in part.

APPEAL by defendant Piedmont Natural Gas Company, Inc., from the orders entered 11 January 1990 by *Judge William H. Freeman* in FORSYTH County Superior Court. Heard in the Court of Appeals 28 November 1990.

This action arises out of one of numerous actions alleging that defendant Piedmont Natural Gas Company, Inc. (hereinafter Piedmont) was negligent in causing a large natural gas explosion which destroyed a hotel and restaurant building owned by Travco Hotels, Inc. (hereinafter Travco) and leased by the K & W Cafeterias, Inc. On 12 May 1989, the Chief Justice of the North Carolina Supreme Court declared these cases "exceptional" under Rule 2.1 of the General Rules of Practice for the Superior and District Courts, and designated Judge William Freeman to preside over all cases.

On 11 September 1989, Piedmont filed a motion to disqualify one of Travco's counsel, Womble Carlyle Sandridge & Rice (hereinafter Womble Carlyle), alleging that Womble Carlyle previously represented Piedmont in another action substantially related to the present action. Piedmont subsequently filed a motion for partial summary judgment on 27 October 1989.

On 17 November 1989, Judge Freeman heard both of Piedmont's motions. The trial court heard extensive evidence on the motion to disqualify. On 11 January 1990, the trial court entered two separate orders, one denying Piedmont's motion for partial summary judgment, and one 66-page order denying Piedmont's motion to disqualify Womble Carlyle.

From the orders of 11 January 1990, Piedmont appeals.

*Womble Carlyle Sandridge & Rice, by Jimmy H. Barnhill, Michael E. Ray and Jack B. Hicks, for plaintiff-appellee TRAVCO Hotels, Inc.*

*Wyatt, Early, Harris, Wheeler & Hauser, by Kim R. Bauman, for plaintiff-appellee TRAVCO Hotels, Inc.*

*Bailey & Thomas, by David W. Bailey, Jr., for plaintiff-appellee TRAVCO Hotels, Inc.*

*McKenzie & McPhail, by Jefferson C. McConnoughey, for K & W Restaurant, Inc.*

*McCall & James, by Randolph M. James, for K & W Restaurant, Inc.*

*Hedrick, Eatman, Gardner & Kincheloe, by J. A. Gardner III, Scott M. Stevenson and Brian D. Lake, for defendant-appellant Piedmont Natural Gas Company, Inc.*

ORR, Judge.

The dispositive issue on appeal is whether Piedmont's appeal is interlocutory. For the reasons below, we hold that it is and grant Travco's motion to dismiss the appeal.

On 22 June 1990, Travco filed a motion to dismiss the appeal on several grounds, including that the appeal is interlocutory. Because the trial court filed two separate orders on Piedmont's two separate motions, we shall address them separately for purposes of finding the appeal of both orders interlocutory.

## A. Motion for Partial Summary Judgment

[1] Piedmont contends that the trial court erred in denying its motion for partial summary judgment on the issue of punitive damages.

Under N.C. Gen. Stat. §§ 1-277 and 7A-27, an order is immediately appealable if the order affects a substantial right and the loss of that right will injure the party appealing if not corrected prior to final judgment. *Horne v. Nobility Homes, Inc.*, 88 N.C. App. 476, 363 S.E.2d 642 (1988). Further, this Court has held that an order denying a defendant's motion to dismiss a plaintiff's claim for punitive damages does not affect a substantial right, and the party appealing is not injured if it cannot appeal until after the final judgment. *Williams v. East Coast Sales*, 50 N.C. App. 565, 274 S.E.2d 276 (1981).

We are bound by this rule and therefore hold that defendant's appeal of the order denying its motion for partial summary judgment on the issue of punitive damages is interlocutory.

## B. Motion to Disqualify Womble Carlyle

[2] In deciding whether an appeal is interlocutory, §§ 1-277 and 7A-27 require this Court to apply a two-part test: (1) does the trial court's order affect a substantial right; and (2) if so, will the loss of that right injure the party appealing if it is not corrected

prior to final judgment. *Industries, Inc. v. Insurance Co.*, 296 N.C. 486, 251 S.E.2d 443 (1979); *J & B Slurry Seal Co. v. Mid-South Aviation, Inc.*, 88 N.C. App. 1, 362 S.E.2d 812 (1987); *Robins & Weill v. Mason*, 70 N.C. App. 537, 320 S.E.2d 693, *disc. review denied*, 312 N.C. 495, 322 S.E.2d 559 (1984).

To determine what constitutes a "substantial right," this Court must look at the facts of each case individually, as well as the procedural history of the order from which the appealing party seeks relief. *Patterson v. DAC Corp.*, 66 N.C. App. 110, 112, 310 S.E.2d 783, 785 (1984) (citation omitted).

In *Lowder v. Mills, Inc.*, 60 N.C. App. 275, 279, 300 S.E.2d 230, 232, *aff'd in part and rev'd in part*, 309 N.C. 695, 309 S.E.2d 193 (1983), this Court held that a denial of the motion to disqualify plaintiffs' attorneys "affect[s] [a] substantial right[s] which will work injury to the appellants if not corrected before an appeal from a final judgment." We must assume that this holding applied only to the facts in *Lowder*, in view of the general rule stated above that this Court must determine each alleged interlocutory appeal on a case by case basis. 66 N.C. App. at 112, 310 S.E.2d at 785. *See also J & B Slurry Seal Co.* (for a thorough analysis of the conflicting decisions applying this rule in determining interlocutory appeals).

In *Lowder*, the law firm defendant sought to disqualify from representing plaintiffs had represented W. Horace Lowder in the criminal appeal of a conviction for tax evasion. One of the attorneys involved in that appeal then sought to associate a related law firm to represent Lowder's brother against Lowder in a related corporate matter. 60 N.C. App. at 279-80, 300 S.E.2d at 233. Lowder alleged that the attorney furnished the associated law firm with confidential information gleaned from the criminal trial. *Id.* After a thorough analysis of the N.C. Code of Professional Responsibility, the *Lowder* Court found, however, that the trial court did not abuse its discretion in denying Lowder's motion because of the extensive findings of fact, including that the "exchanges of information with the [attorney's] firm were confined to matters of public record or matters not related to the present action." *Id.* at 280, 300 S.E.2d at 233. Therefore, the order denying Lowder's motion to disqualify his former attorney was affirmed. *Id.* at 282, 300 S.E.2d at 234.

TRAVCO HOTELS v. PIEDMONT NATURAL GAS CO.

[102 N.C. App. 659 (1991)]

The present case is substantially different. Here, defendant maintains that because Womble Carlyle represented defendant in previous matters of a similar nature (but not involving plaintiff), Womble Carlyle could not represent plaintiff in the present matter. Defendant alleged that in the previous action, Womble Carlyle became privy to information concerning personnel, operational procedures, technical records and defendant's general attitude as a corporate gas utility.

Piedmont further argues that it has a substantial right to prevent prior counsel from using confidential information gleaned from a prior representation and utilizing it against the client in subsequent litigation in alleged violation of the N.C. Rules of Professional Conduct. We agree with Piedmont that this is a substantial right in the present case.

We cannot find, however, that the deprivation of this right would injure Piedmont if not corrected before a final judgment. Piedmont will not lose its right to appeal the denial of the motion to disqualify Womble Carlyle after final judgment. *See In re Condemnation of Lee*, 85 N.C. App. 302, 354 S.E.2d 759, *disc. review denied*, 320 N.C. 513, 358 S.E.2d 520 (1987) (this Court considered a party's appeal of a trial court's denial of its motion to disqualify opposing counsel who had represented the appealing party in a prior related case after the trial of the action). Second, if Piedmont loses at trial, it can still challenge the verdict and assign as error the trial court's denial of its motion to disqualify Womble Carlyle.

Therefore, we hold that Piedmont's appeal of the trial court's order denying its motion to disqualify Womble Carlyle is interlocutory. We note, however, that here, the cases involved are much less related to each other than those in *Lowder*, where this Court held that the trial court did not abuse its discretion. The trial court in the present case concluded that the scope of the previous case (in which Womble Carlyle was involved representing Piedmont) was limited, that the Womble Carlyle attorneys were not privy to any information about Piedmont that was unusual, unexpected or unique and that no true secrets or real confidences were involved.

For the above reasons, we grant Travco's motion to dismiss the appeal.

Appeal dismissed.

TRAVCO HOTELS v. PIEDMONT NATURAL GAS CO.

[102 N.C. App. 659 (1991)]

Judge GREENE concurs.

Judge PHILLIPS concurs in part and dissents in part.

Judge PHILLIPS concurring in part and dissenting in part.

The majority opinion is based upon mistaken premises and I dissent from it, while agreeing that the order denying defendant's motion to dismiss plaintiff's claim for punitive damages does not affect a substantial right and is not immediately appealable.

The dispositive issue is not whether the appeals are interlocutory — both manifestly are, since neither order finally determines any aspect of the case; there is no two-part test for determining whether an appeal or order is interlocutory; some of the discussion of these mistaken issues and premises is unnecessary as well as incorrect; the dispositive issue is whether either interlocutory order appealed from affects a substantial right, for if an interlocutory order affects a substantial right it is immediately appealable, otherwise it is not, and the issue has been clearly and succinctly answered for us by previous decisions of our courts.

One order appealed from refused to dismiss plaintiff's claim against Piedmont for punitive damages and in *Williams v. East Coast Sales, Inc.*, 50 N.C. App. 565, 274 S.E.2d 276 (1981), it was held without qualification that an order denying a similar motion did not affect a substantial right. Though not discussed by the Court, the reason that a refusal to dismiss a meritless claim in advance of trial does not affect a substantial right is that such claims come to nothing in due course anyway. I would dismiss the appeal from that order without further ado or discussion..

The other order refused to disqualify plaintiff's attorney because of confidential information allegedly obtained while representing defendant Piedmont, and in *Lowder v. All Star Mills, Inc.*, 60 N.C. App. 275, 300 S.E.2d 230, *aff'd in part, reversed in part*, 309 N.C. 695, 309 S.E.2d 193 (1983), it was held that an order refusing to disqualify the plaintiff's attorney because of confidential information allegedly obtained while representing the movant in another matter affects such a right and is immediately appealable. The substantial right that was endangered in *Lowder* and that the order in this case endangers — not to be at a disadvantage in a case because of a former lawyer's violated confidence — is basic to the integrity of our adversary system. In *Lowder* the likeli-

TRAVCO HOTELS v. PIEDMONT NATURAL GAS CO.

[102 N.C. App. 659 (1991)]

hood of the movant establishing that this right would be prejudiced was apparently not a factor in determining whether the order was appealable, as this Court upheld appealability, but affirmed the order, and that ruling was not reviewed by the Supreme Court. The decision in *Goldston v. American Motors Corp.*, 326 N.C. 723, 392 S.E.2d 735 (1990), is clearer on this point, as the Supreme Court determined that an interlocutory order which disqualified plaintiff's chief trial counsel because of confidential information obtained from defendant's former employee about the turnover propensity of the motor vehicle model involved affected a substantial right, though plaintiff's other lawyers could effectively handle the case, but left the merits of the appeal to us. These and other decisions indicate to me that contrary to the loose and unnecessary language in some of the other cases the appealability of an interlocutory order that affects a fundamental right does not depend upon the likelihood, much less the certainty, that the right will be lost, but upon the character of the right that is endangered and the type of prejudice that can result. Which is as it should be; because the effect upon a lawsuit of violated confidence or losing the services of one's chosen lawyer cannot be determined without considering the merits of the appeal, and both practicality and prudence require that the extent of a threat to a substantial right of a litigant be determined while there is still time to prevent or minimize it, rather than after the damage is beyond correction. The conclusion that defendant's substantial right will not be affected by permitting the lawyers to stay in the case, since a new trial can be obtained if prejudice is established, is both groundless and unrealistic in my opinion. The signing of a new trial order is not likely to obliterate the information that caused the order to be entered. Since the unfairness and violated confidence issue is serious enough to require a sixty-seven page order by the trial judge, it should be set at rest now either by determining that no significant prejudice is likely and affirming the trial court, or by determining that prejudice to the right is likely and requiring the law firm to withdraw.

And, in my view, the implication in the majority opinion that the circumstances of every fragmentary appeal that comes here must be analyzed before determining whether a substantial right is affected is incorrect and misleading. For it has been established that some orders affect such a right and that others do not, and analyzing the circumstances in cases that involve such orders can

lead only to pointless appeals and arguments and irreconcilable opinions that confuse and mislead the profession. No circumstance, for example, is going to make an order refusing to dismiss a claim for punitive damages immediately appealable or an order depriving a party of its right to a jury trial unappealable.