IN THE MATTER OF: TOMMY BROWNING AND ROBERT BROWNING

No. COA95-1405

(Filed 15 October 1996)

1. **Appeal and Error § 89 (NCI4th)— investigation of child abuse—order for psychological evaluation—religious objections—appeal not interlocutory**

    A motion to dismiss an appeal as interlocutory was denied where respondent had refused to consent to a psychological evaluation for his children as a part of a child protective services investigation, contending that his objection was based upon his religious beliefs and that he would prefer that his children undergo counseling through their minister, and the trial court found that respondent had interfered with the investigation without lawful excuse and prohibited further interference. The order from which respondent appealed affects a substantial right and would result in respondent's loss of that right if erroneous and not corrected prior to final judgment.

    **Am Jur 2d, Appellate Review § 120.**

2. **Constitutional Law § 119 (NCI4th); Infants or Minors § 78 (NCI4th)— child protective services investigation—psychological evaluation—religious objections—compelling state interest**

    A trial court order prohibiting further interference with a child protective services evaluation was affirmed where respondent had refused to consent to a psychological evaluation of his children on religious grounds. The freedom to exercise one's religious beliefs is not absolute and the Constitutional provisions providing freedom of religion do not provide immunity for every act; however, one may not be compelled to do that which is contrary to his religious belief in the absence of a compelling state interest in the regulation of a subject within the State's Constitutional power to regulate. The protection of neglected and abused children is undeniably a compelling state interest. Respondent's rights as custodian of the children are secondary and must give way to the protection of his children. N.C.G.S. § 7A-544.

    **Am Jur 2d, Constitutional Law § 484; Infants § 16.**

IN RE BROWNING

[124 N.C. App. 190 (1996)]

**Validity of guardianship proceeding based on brain-washing of subject by religious, political, or social organization. 44 ALR4th 1207.**

**Power of court or other public agency to order medical treatment over parental religious objections for child whose life is not immediately endangered. 21 ALR5th 248.**

Appeal by respondent from order entered 7 September 1995 by Judge Jimmy L. Myers in Davie County District Court. Heard in the Court of Appeals 23 September 1996.

*Burns, Price & Arneke, L.L.P., by Robert E. Price, Jr., and Gail C. Arneke, for petitioner-appellee.*

*Martin, Van Hoy, Smith & Raisbeck, L.L.P., by Tamara A. Fleming, for respondent-appellant.*

MARTIN, John C., Judge.

On 14 February 1995, a report of abuse was made to the Davie County Department of Social Services concerning Tommy Browning, the juvenile son of respondent Bobby Daniel Browning. An investigation was initiated by Lucinda Shay, a social worker, on that same day. Based upon discussions by Ms. Shay with Tommy Browning and his juvenile brother, Robert Browning, the investigation was expanded to include Robert Browning.

After Ms. Shay met with respondent and his two sons, respondent requested through his attorney that Ms. Shay have no further contact with his sons except as arranged through his attorney. Ms. Shay continued to meet with the boys at school, but did not seek to have further contact with Tommy and Robert during the summer school vacation period.

Ms. Shay requested that respondent sign consent forms for his sons to undergo a Child Mental Health Evaluation. The evaluation is conducted by a psychologist and generally involves eight sessions. Respondent indicated that he would consent for his sons to participate in one session, but would not consent to the complete evaluation.

Ms. Shay filed a petition to prohibit respondent from interfering with the child protective services investigation. Respondent testified that his objection to the investigation was based upon his religious

beliefs. In particular, he said he did not believe in psychologists and would prefer that his children undergo counseling through their minister.

The trial court found, based on clear, cogent and convincing evidence, that respondent had interfered with the investigation of the Davie County Department of Social Services by refusing to allow a Child Mental Health Evaluation of his two sons. The court also found, based on clear, cogent and convincing evidence, that respondent had no lawful excuse for refusing to allow the evaluation. The trial court entered an order prohibiting respondent from interfering with the Department of Social Services investigation. Respondent appeals.

[1] Petitioner has moved to dismiss this appeal because the order appealed from is interlocutory. Ordinarily there is no right of immediate appeal from an interlocutory order; however, where the order affects a substantial right, the loss of which will injure the party appealing if not corrected prior to final judgment, it is immediately appealable. N.C. Gen. Stat. §§ 1-277(a) (1983), 7A-27(d) (1995); *Travco Hotels v. Piedmont Natural Gas Co.*, 102 N.C. App. 659, 403 S.E.2d 593 (1991), *affirmed*, 332 N.C. 288, 420 S.E.2d 426 (1992). The order from which respondent has appealed in this case affects a substantial right and, if erroneous and not corrected prior to final judgment, would result in respondent's loss of that right. Accordingly, we deny petitioner's motion to dismiss the appeal and decide this case on the merits.

[2] By three assignments of error combined in a single argument, respondent contends that the trial court erred in its conclusions that respondent's religious beliefs are not a lawful excuse for his refusal to consent to the Child Mental Health Evaluation of his two sons, and that he had obstructed or interfered with petitioner's investigation into allegations that he had abused the children. We reject his argument and affirm the trial court's order.

Upon receiving a report of suspected abuse, the director of the county's Department of Social Services is required to initiate an investigation within 24 hours. N.C. Gen. Stat. § 7A-544 (1995). Section 7A-544.1(a) specifically authorizes the director to file a petition seeking an order directing any person obstructing or interfering with an abuse investigation to cease such interference. The statute requires the DSS to prove by clear, cogent and convincing evidence that the respondent named in the petition has, without lawful excuse, obstructed or interfered with a child protective services investiga-

**IN RE BROWNING**

[124 N.C. App. 190 (1996)]

tion. N.C. Gen. Stat. § 7A-544.1(c) (1995). Obstruction of or interference with an investigation is defined by the statute as follows:

> refusing to disclose the whereabouts of the juvenile, refusing to allow the director to have personal access to the juvenile, refusing to allow the director to observe or interview the juvenile in private, refusing to allow the Director access to confidential information and records upon request pursuant to G.S. 7A-544, refusing to allow the director to arrange for an evaluation of the juvenile by a physician or other expert, or other conduct that makes it impossible for the director to carry out the duty to investigate.

N.C. Gen. Stat. § 7A-544.1(b) (1995). In the present case, respondent refused to permit the director to arrange a Child Mental Health Evaluation for his two sons. His refusal meets the statutory definition of "obstruction of or interference with" the investigation.

The next question is whether respondent's interference was for a lawful reason. At the hearing, respondent stated, "I prefer not my children to go through that sort of thing," and when asked for his reason, stated, "Well, first, I do not believe in psychiatrists and stuff—just the way I believe and the way I've been raised—the way I've been taught by—the way I—in my religion and all that, I feel in my heart to me myself." Respondent also denied that he had done anything to cause himself and his children to be subjected to the investigation. Assuming his testimony was sufficient to support his argument that his objection was based on religious grounds, the reasons stated do not constitute a lawful excuse for his refusal to permit the evaluation.

The liberties secured by the First Amendment to the United States Constitution and by Article I § 26 of the Constitution of North Carolina are basic and fundamental. However, the freedom to exercise one's religious beliefs is not absolute. *In re Williams*, 269 N.C. 68, 152 S.E.2d 317, *U.S. cert. denied*, 388 U.S. 918, 18 L. Ed. 2d 1362 (1967). The Constitutional provisions regarding freedom of religion do not provide immunity for every act, "nor do they shield the defendant from a command by the State that he do an act merely because he believes it morally or ethically wrong. It is the right to exercise one's religion, or lack of it, which is protected, not one's sense of ethics." *Id.* at 78, 152 S.E.2d at 325. One may not be compelled by governmental action to do that which is contrary to his religious belief in the absence of a "compelling state interest in the regulation of a subject

within the State's Constitutional power to regulate." *Id.* at 80, 152 S.E.2d at 326 (citations omitted).

The intent of the statutes requiring the Department of Social Services to screen and investigate complaints of child abuse is the protection of neglected and abused children, G.S. § 7A-542, which is undeniably a compelling state interest. Respondent's rights as custodian of the children are secondary and must give way to the protection of his children. Accordingly, his refusal to permit the evaluation based upon his beliefs is not constitutionally protected conduct and cannot afford him a lawful excuse for his interference with the Department of Social Services investigation. Therefore, the trial court's order that respondent cease his interference with the investigation and directing the Department of Social Services to proceed with the Child Mental Health Evaluation is affirmed.

Affirmed.

Judges EAGLES and SMITH concur.