JAMES C. GREENE COMPANY v. OSCAR ARNOLD.

(Filed 15 December, 1965.)

**1. Contracts § 7—**

Evidence permitting the inferences that the parties executed a new contract of employment giving the employee an advancement and providing that as a part of this contract the employee should not engage in business in competition with the employer within a specified area within a specified time after termination of the employment, is sufficient to support the jury's findings that the covenant was supported by a valuable consideration.

**2. Same—**

A covenant by an employee not to engage in business in competition with the employer after termination of the employment is in partial restraint of trade and to be enforceable must be in writing, be supported by a valuable consideration, and be reasonable as to time and territory.

**3. Same—**

A covenant by an insurance adjuster not to engage in business in competition with the employer within 75 miles of the office of the employer at which the employee was manager, for a period of four years after termination of the employment, *held* not void as being unreasonable as to time or territory.

APPEAL by defendant from *Carr, J.,* March, 1965 Regular Session, WAKE Superior Court.

The plaintiff instituted this civil action to restrain the defendant from violating the terms of his employment contract not to engage in the business of insurance claims adjusting within a radius of 75 miles of Elizabeth City.

The first trainee contract was signed in 1953. The fourth and last was executed March 1, 1958, and was introduced in evidence as plaintiff's Exhibit D. Among other things, it provided: "Upon termination of this contract of employment, the employee agrees that he will not engage in competitive employment, set up and maintain an office, residence, headquarters or mailing address for himself or for any individual, firm, corporation or bureau engaged in, or engage in the business of adjusting insurance claims and losses such as are now or may be at the termination of this employment the business of this employer within a radius of 75 miles of Elizabeth City, N. C., within a period of four years from termination of employment."

Prior to March, 1958, at a date not fixed with certainty in the record, defendant, after notice, terminated the employment. Upon his re-employment the parties executed a new contract dated March 1, 1958, under which the defendant became the manager of the plaintiff's office in Elizabeth City.

The defendant, by answer, admitted the execution of the various written contracts containing covenants not to compete. The defendant testified he actually took over the Elizabeth City office on March 3, 1958. He testified he did not actually sign the contract until after he began work. The defendant was careful not to say the covenant here involved was omitted from the writing, or was not intended as a part of the written contract. He alleges the restrictive covenant was "without consideration, unreasonable as to the time and territory, and null and void." He admits he gave the required notice and terminated his employment on December 15, 1964, and immediately thereafter began adjusting insurance claims for himself in Elizabeth City and in the surrounding territory within 75 miles thereof.

The plaintiff introduced evidence to the effect that its business territory extended over much of eastern North Carolina — well beyond a radius of 75 miles surrounding Elizabeth City; and that its business losses were very substantial after the defendant left its employment and began adjusting claims for himself. The plaintiff had advertised in the "Claims Service Guide" and other publications available to insurance companies and agencies, stating its Elizabeth City office was under the management of Oscar Arnold. This advertising and the defendant's many close contacts while he was plaintiff's agent had placed the defendant in touch with numerous insurers and insurance agencies, which contacts are to his advantage in taking over business which otherwise would have gone to

the plaintiff. The plaintiff contends these losses will continue unless the defendant is restrained.

The judgment entered fills in the further details pertinent to this review:

"This cause coming on to be heard and being heard before his Honor Leo Carr, Judge Presiding over the March 1, 1965 Regular Civil Term of Wake Superior Court and a jury and the court finding as a fact that the defendant admitted the execution of a written contract marked as Exhibit 'D' and the following issue having been submitted to the jury and answered by the jury as follows:

"(1)   Was the contract executed and entered into between the plaintiff and the defendant and marked as Exhibit 'D' supported by a valid consideration:

"Answer:   Yes.

"And the court being of the opinion and finding that there was no controversy as to the facts with respect to the restrictions as to time and territory in the contract marked as Exhibit 'D' and that the evidence was not in conflict with respect to such provisions;

"And it further appearing to the court and the court finding as a fact that the defendant admitted that since the termination of his employment with the plaintiff he has engaged in the business of an independent insurance adjuster adjusting insurance claims and losses which was the same business as the plaintiff all within Elizabeth City and the immediate environs;

"And the court being of the opinion and concluding as a matter of law that the restrictive covenant contained in the written contract marked Exhibit 'D' are reasonable both as to time and to territory;

"IT IS NOW, THEREFORE, ADJUDGED, ORDERED AND DECREED that the defendant be and he is hereby permanently restrained and enjoined from engaging and entering into the business of adjusting insurance claims and losses as an independent insurance adjuster in Elizabeth City, N. C. and the area within 75 miles thereof until December 15, 1968, with the exception of such modification as may be made in a separate order to be entered during this term of court by the undersigned Judge presiding.

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED that this injunction and restraining order is given upon the condition that the plaintiff post a bond in the amount of $15,000.00 with good and sufficient surety or sureties justified before the clerk to

the effect that the plaintiff will pay to the defendant such damages not exceeding the amount of such bond as he sustains by reason of this injunction if it should be finally determined that the plaintiff was not entitled to it." .

The defendant appealed.

*Smith, Leach, Anderson & Dorsett by C. K. Brown, Jr., for plaintiff appellee.*

*Maupin, Taylor & Ellis by Frank W. Bullock, Jr., for defendant appellant.*

HIGGINS, J. The distinction between the contract now before us and the contract reviewed in *Greene Co. v. Kelley,* 261 N.C. 166, 134 S.E. 2d 166, is this: Kelley's contract was without consideration. Arnold's contract was based on a valid consideration.

As in *Kelley,* "The defendant admitted he signed a paper writing containing a provision that he would not engage in competition in the manner alleged. He admitted he had not observed these restrictions. The admission made out a *prima facie* case. . . ." When either party appeals to the courts, each case must be decided on its own facts. "The Courts generally have held that restrictive covenants not to engage in competitive employment are in partial restraint of trade. And hence to be enforced they must be (1) in writing; (2) supported by valuable consideration; and (3) reasonable as to terms, time, and territory. Failure in either requirement is fatal." (Citing cases, to which may be added *Noe v. McDevitt,* 228 N.C. 242, 45 S.E. 2d 121; *Comfort Springs Corp. v. Burroughs,* 217 N.C. 658, 9 S.E. 2d 473).

"The general rule with respect to enforceable restrictions is stated in 9 A.L.R. 1468, 'It is clear that if the nature of the employment is such as will bring the employee in personal contact with patrons or customers of the employer, or enable him to acquire valuable information as to the nature and character of the business and the names and requirements of the patrons or customers, enabling him by engaging in a competing business in his own behalf, or for another, to take advantage of such knowledge of or acquaintance with the patrons and customers of his former employer, and thereby gain an unfair advantage, equity will interpose in behalf of the employer and restrain the breach . . . providing the covenant does not offend against the rule that as to time . . . or as to the territory it embraces, it shall be no greater than is reasonably necessary to secure the protection of the business or good will of the employer." *Asheville Associates v. Miller,* 255 N.C. 400, 121 S.E. 2d 593.

After reviewing the record in the light of the cases cited above and those referred to in other cases, we are of the opinion that the covenant not to compete which the parties wrote into and made a part of their written agreement should not be declared void by the Court as being unreasonable as to time or territory, or as unfair to the defendant, or as against public policy. The time fixed — four years — approaches the maximum which this Court is inclined to approve for the type of restriction here involved. The defendant laid the foundation for his success as an adjuster in and around Elizabeth City by virtue of his work in the field while he was plaintiff's employee. The jury having found the contract was based upon a valid consideration, we think the restrictions are valid and the contract should be enforced. The judgment entered in the Superior Court is

Affirmed.