393 S.E.2d 854 (1990)
327 N.C. 244
TRIANGLE LEASING COMPANY, INC.
v.
Robert F. McMAHON, Marilynne M. McMahon, Joseph G. Priest, and Wilmington Auto Rental, Inc.
No. 554A89.
Supreme Court of North Carolina.
July 26, 1990.
*855 Kirby, Wallace, Creech, Sarda, Zaytoun & Cashwell by John R. Wallace and Cheryl M. Swart, Raleigh, for plaintiff-appellant.
Armstrong & Armstrong, P.A. by L. Lamar Armstrong, Jr., Smithfield, for defendants-appellees.
MARTIN, Justice.
Plaintiff Triangle Leasing Company, Inc. (hereinafter Triangle) is a North Carolina corporation whose primary business is renting automobiles, trucks, and vans in eastern and central North Carolina. Having opened its doors in the Raleigh area in 1979, the company was ready to expand to Wilmington by the fall of 1986 and in September of that year hired defendant Robert F. McMahon to manage their new office there. As part of the employment contract between Triangle and Mr. McMahon, the parties agreed that if Mr. McMahon's employment with Triangle was terminated for any reason, he would not "solicit or attempt to procure the customers, accounts, or business of [Triangle]" for a period of two years following his termination. In November of 1986, Triangle also hired Mr. McMahon's wife, defendant Marilynne McMahon, at the Wilmington location. On Friday, 30 September 1988, both Mr. and Mrs. McMahon informed Triangle that they were terminating their employment and would be establishing a competing car rental business, Wilmington Auto Rental, Inc., which would operate under the Thrifty Car Rental franchise a few blocks from the Wilmington office of Triangle.
*856 During the next two weeks, a number of Triangle's customers were contacted by the McMahons who attempted to solicit their business for the McMahons' new company, Wilmington Auto Rental. In an effort to enforce the no-solicitation clause of its employment contract with defendant Robert F. McMahon, Triangle sought a temporary restraining order prohibiting such action on the part of the McMahons. A temporary restraining order was filed on 11 October 1988 and renewed by consent of the parties on 21 October 1988. Following an evidentiary hearing, a preliminary injunction was granted on 31 October 1988 which enjoined defendants Robert F. and Marilynne McMahon from (1) using or retaining plaintiff's records, customer lists or price lists; (2) soliciting plaintiff's customers or accounts within the State of North Carolina for two years; (3) encouraging plaintiff's employees to work for a different rental company; and (4) working with co-defendant Wilmington Auto Rental, Inc. in the rental and sales business in North Carolina for two years from the date of termination of defendants' employment with Triangle. Defendants appealed the issuance of this injunction.
In a divided opinion, the Court of Appeals determined that the injunction was invalid because the noncompetition clause of the underlying employment contract was overbroad as to the territorial and time restrictions it imposed on Mr. McMahon and, hence, was unenforceable. Since the contract itself was unenforceable, the majority concluded that the injunction should not have been issued. The majority reached this conclusion based on its understanding that the employment agreement between the parties prohibited Mr. McMahon from working anywhere within the State of North Carolina in the car rental business, although Mr. McMahon's employment contacts were in actuality restricted to the Wilmington area. In his dissent, Judge Cozort adopts the same reading of the employment contract, but concludes that it was reasonable to restrict Mr. McMahon's employment throughout the state despite his exclusive assignment to Wilmington. Hence, from the dissent's point of view, the contract was enforceable and issuance of the preliminary injunction was proper.
Upon examining the record, we have a different view of the employment contract between the parties and conclude that the injunction as written is only partially correct. We find that the employment contract does not restrict all competition between Mr. McMahon and Triangle throughout the State of North Carolina, but rather only prohibits the direct or indirect solicitation of Triangle's customers and accounts for the specified two year period. As such, we find the noncompetition clause reasonable as to both time and territory and conclude that its terms are enforceable. Since the no-solicitation clause of the contract is enforceable and no other questions regarding the propriety of the issuance of the preliminary injunction are before this Court, we hold that the trial court's order was properly entered. However, we note also that in addition to enjoining solicitation of Triangle's business, the injunction as written also enjoins the McMahons from becoming employed by Wilmington Auto Rental, Inc. in any capacity within the State of North Carolina for two years from the issuance of the injunction. Because this portion of the injunction goes beyond the four corners of the contract it was designed to enforce, we affirm the decision of the Court of Appeals reversing the issuance of the injunction as to this prohibition only. We remand to the Court of Appeals for further remand to the trial court with instructions to strike the fourth clause of the existing order. As to the remainder of the injunction, we reverse the Court of Appeals and hold that its issuance was proper.
Concerning the issuance of a preliminary injunction, this Court has stated:
A preliminary injunction ... is an extraordinary measure taken by a court to preserve the status quo of the parties during litigation. It will be issued only (1) if a plaintiff is able to show likelihood of success on the merits of his case and (2) if a plaintiff is likely to sustain *857 irreparable loss unless the injunction is issued, or if, in the opinion of the Court, issuance is necessary for the protection of a plaintiff's rights during the course of litigation. Waff Bros., Inc. v. Bank, 289 N.C. 198, 221 S.E.2d 273; Pruitt v. Williams, 288 N.C. 368, 218 S.E.2d 348; Conference v. Creech, 256 N.C. 128, 123 S.E.2d 619.
Investors, Inc. v. Berry, 293 N.C. 688, 701, 239 S.E.2d 566, 574 (1977). The question on appeal in this case concerns the first prong of this test, the plaintiff's likelihood of prevailing on the merits, rather than the second prong of the test, the necessity for the injunction. Where a preliminary injunction is sought to enforce a noncompetition clause in an employment contract, this Court has held that the employment agreement itself must be valid and enforceable in order for the employer to be able to show the requisite likelihood of success on the merits. A.E.P. Industries, Inc. v. McClure, 308 N.C. 393, 302 S.E.2d 754 (1983). Determination of the enforceability of the contract, in turn, rests on the likelihood that the plaintiff will be able to show that the covenant is (1) in writing; (2) reasonable as to terms, time, and territory; (3) made a part of the employment contract; (4) based on valuable consideration; and (5) not against public policy. See, e.g., Whittaker General Medical Corp. v. Daniel, 324 N.C. 523, 379 S.E.2d 824 (1989); United Laboratories, Inc. v. Kuykendall, 322 N.C. 643, 370 S.E.2d 375 (1988); Greene Co. v. Kelley, 261 N.C. 166, 134 S.E.2d 166 (1964). Because the sole question raised in Judge Cozort's dissent concerns the reasonableness of the contract as to time and territory, the plaintiff's likelihood of meeting its burden of proof on the remaining criteria for determining the enforceability of this contract is not before this Court. N.C.G.S. § 7A-30(2). Rather, we need only examine whether this contract's terms which restrict Mr. McMahon's competition with his former employer for a specified period of time and for a specified location are reasonable.
The applicable territorial restriction contained in the parties' employment agreement states the following:
Employee will not ... within the State of North Carolina or any other state or territory in which the company conducts business, directly or indirectly solicit or attempt to procure the customers, accounts, or business of Company, or directly or indirectly make or attempt to make car or truck-van rental sales to the customers of Company.
In analyzing the employment agreement, the Court of Appeals concluded that the contract prohibited Mr. McMahon from competing with Triangle in any capacity anywhere in the State of North Carolina for two years. Based on this conclusion, the majority opinion framed the legal question in the case as follows:
... whether the Company can bar Employee from competing with the Company's business throughout North Carolina for two years, when Employee's confidential information and customer contracts derive from only one city in the state. The answer to this issue resolves the ultimate issue of whether the trial court properly granted a preliminary injunction against Employee.
Triangle Leasing Co. v. McMahon, 96 N.C. App. 140, 145-46, 385 S.E.2d 360, 363 (1989).
We disagree with the Court of Appeals' reading of this employment contract, and conclude that the pertinent clause of the contract does not prohibit all competition by Mr. McMahon throughout North Carolina, but rather merely restrains him from soliciting the business of plaintiff's known customers in areas in which the company operates. We therefore find it unnecessary to address the question of whether it would have been reasonable for the plaintiff to have attempted to prohibit all competition by the defendant Robert F. McMahon within the State of North Carolina for two years. In determining whether this preliminary injunction was properly issued, we must instead decide whether the terms and conditions of this contract clause were reasonably necessary to protect the employer's legitimate business interests. See, e.g., Greene Co. v. Arnold, 266 N.C. 85, 145 S.E.2d 304 (1965); Greene Co. v. Kelley, *858 261 N.C. 166, 134 S.E.2d 166; Asheville Associates v. Miller, 255 N.C. 400, 121 S.E.2d 593 (1961). Upon reviewing the record, we find there is ample evidence to support plaintiff's contention that defendant McMahon's access to customer lists, price sheets, and policies affecting company business outside of the Wilmington area would warrant a contractual prohibition against solicitation of Triangle's customers regardless of their location. Because we find sufficient evidence to support a conclusion that defendant McMahon could properly be restricted from soliciting Triangle's customers where it does business, we conclude that the territorial restriction in the noncompetition clause of the parties' contract was reasonable and enforceable.
Turning next to the question of the reasonableness of the time restriction, we note simply that where the activity prohibited is as narrowly confined as in the case before us, a two year time restriction is not improper. See, e.g., Whittaker Gen. Medical Corp. v. Daniel, 324 N.C. 523, 379 S.E.2d 824; Enterprises, Inc. v. Heim, 276 N.C. 475, 173 S.E.2d 316 (1970); Greene Co. v. Arnold, 266 N.C. 85, 145 S.E.2d 304; Exterminating Co. v. Griffin, 258 N.C. 179, 128 S.E.2d 139 (1962).
In conclusion, we hold that the territory and time restrictions of the parties' contract are reasonable in light of the activity constrained, that the contract is enforceable as to the noncompetition clause, and that the Court of Appeals erred in reversing the trial court's issuance of a preliminary injunction designed to enforce the employment agreement. However, as above noted, the fourth clause of the trial court's order improperly enjoins conduct beyond the scope of the parties' own agreement. That clause states that the defendants are enjoined and restrained from:
4. Becoming employed with, consulting with, or participating in the management of the Defendant Wilmington Auto Rental, Inc. and further from being employed by or consulting with the Defendant Joseph G. Priest [a co-owner of Wilmington Auto Rental, Inc.] in the automobile, van and truck rental and sales business in North Carolina for a period of two years from September 30, 1988.
While defendants may properly be restrained from soliciting the business of their former employer under the terms of their employment agreement for two years from the date of issuance of the temporary restraining order, their own contract does not support an injunction against all competition throughout the state for the same period of time. We therefore remand to the Court of Appeals for further remand to the trial court with directions that the injunction remain in effect with proper amendments consistent with this opinion.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
MEYER, Justice, dissenting in part.
I agree completely with the Court that the contract in question is enforceable. However, I must dissent from that portion of the opinion which overturns the injunctive restraint on the McMahons from employment with or other participation in Wilmington Auto Rental, Inc. The majority would prohibit the defendants McMahons from directly or indirectly soliciting the customers or accounts of Triangle Leasing Company, Inc. (hereinafter "Triangle"). Yet, it permits the McMahons to engage in the same business of auto leasing under the employ of the very party with whom the McMahons earlier conspired to pirate customers and accounts from Triangle. Because the majority affirms a right yet denies the only effective remedy, I must dissent.
It is human nature to tell what one knows and to share that information which one has with a close business associate. There is little doubt that the McMahons can divulge Triangle account and customer information to their business associate in the privacy of Wilmington Auto Rental offices without ever approaching a Triangle customer, even though doing so could and probably would result in a violation of the injunction not to indirectly solicit Triangle customers or otherwise reveal account information if the associate were to use that information. That they could do so with *859 impunity is manifest; that there is a proclivity to do so is borne out by the facts.
The relevant part of the employment agreement states:
Employee will not, for a period of two (2) years from the date of termination of this Agreement ... and within the State of North Carolina ..., directly or indirectly, solicit or attempt to procure the customers, accounts, or business of [Triangle], or directly or indirectly make or attempt to make car of [sic] truck-van rental sales to the customers of [Triangle].... Employee further agrees not to divulge the names, addresses, or other information concerning the customers and accounts of the Company or any other confidential information acquired during employment by the Company to any person, firm, corporation, association or other entity for any purpose whatsoever.
The employment contract unequivocally prohibits revealing customer and account information to other parties, particularly competitors such as Wilmington Auto Rental. Thus, covenants lying within the four corners of the document make clear that an injunction prohibiting employment with a competitor already shown to solicit and use confidential account information is one within the contemplation of the parties to the agreement.
More importantly, however, and contrary to the notion of the majority, the four corners of the contract do not limit the injunctive relief available to Triangle. "[A] motion for a preliminary injunction is not to be confused with a request for specific enforcement of a provision in a contract which has been proven valid and enforceable." A.E.P. Industries v. McClure, 308 N.C. 393, 413, 302 S.E.2d 754, 766 (1983) (Martin, J., dissenting). "The former is a request for extraordinary equitable relief pending resolution of the controversy between the litigants. The latter arises after a contract has been either stipulated or proven valid and enforceable and the movant has established his right to have the contract enforced." Id. In the case currently before us, we are deciding the propriety of a preliminary injunction rather than the remedy of specific enforcement of a contract.
It is axiomatic that a court of equity may tailor the remedy necessary to preserve the rights of the complainant and that "a properly tailored injunction may sometimes contain terms that go beyond the plaintiff's rightful position to avoid falling short of it." Schoenbrod, The Measure of an Injunction: A Principle to Replace Balancing the Equities and Tailoring the Remedy, 72 Minn.L.Rev. 627, 671 (1988). "The injunction's aim must be the plaintiff's rightful position, but to achieve that aim, its terms may impose conditions on the defendant that require actions going beyond the plaintiff's rightful position." Id. at 678. See, e.g., Hutto v. Finney, 437 U.S. 678, 687, 98 S.Ct. 2565, 2571-72, 57 L.Ed.2d 522, 532 (1978), reh'g denied, 439 U.S. 1122, 99 S.Ct. 1035, 59 L.Ed.2d 83 (1979) (where the Court stated that in fashioning a broad injunctive remedy, the lower court "had ample authority ... to address each element contributing to the violation... [and] was justified in entering a comprehensive order to insure against the risk of inadequate compliance" (emphasis added)). Assuming the majority is correct in characterizing the injunction prohibiting employment of the McMahons by Wilmington Auto Rental as a condition going beyond the rights of plaintiff, I conclude that such a condition was a reasonable and necessary one designed to ensure against noncompliance with that part of the prohibitory injunction upheld by the majority.
Nonetheless, it appears to me that the narrow prohibition against employment here was a proper one enforcing Triangle's explicit rights. Here, the trial court determined that plaintiff was likely to show that the McMahons conspired to violate the employment agreement. Injunction is a proper remedy where a stranger attempts to induce another to break a contract which will result in irreparable injury to the rights of the complaining party. Sineath v. Katzis, 218 N.C. 740, 755, 12 S.E.2d 671, 681 (1941); see also Annot. "Liability for procuring breach of contract," 26 A.L.R.2d 1227 § 46, at 1275 (1952). Moreover, *860 "[i]njunction is an appropriate and available remedy to prevent irreparable injury to property rights or business from illegal conspiracies or confederations of persons for the purpose of destroying or injuring or doing violence to such business or property rights." 42 Am.Jur.2d Injunctions § 73, at 818 (1969). "[S]uch relief is available notwithstanding the fact that the plaintiff may not be entitled to specific performance of the [employment] contract, either positively or negatively." Id. § 98, at 847. In this case, the trial court did not issue an injunction against Wilmington Auto Rental or Joseph G. Priest barring them from further soliciting the breach of the employment agreement, only because "the legitimate business interests of [Triangle] are protected if ... [the McMahons] are enjoined from employment and other participation in the operation of Defendant Wilmington Auto Rental, Inc." Yet, the majority would permit the McMahons, as 20% shareholders, to rejoin the 80% shareholder, Mr. Priest, in a business confederation formed as a conspiracy to breach the very covenant which the majority claims it is upholding.
"Although in reviewing the denial of a preliminary injunction this Court is not bound by the findings of the lower court, there is a presumption that the lower court's decision was correct, and the burden is on the appellant to show error." A.E.P. Industries v. McClure, 308 N.C. at 414, 302 S.E.2d at 766 (Martin, J., dissenting) (citations omitted). A preliminary injunction is issued for the purpose of preserving the status quo pending the action and will issue to prevent injury being committed or seriously threatened. Conference v. Creech, 256 N.C. 128, 142, 123 S.E.2d 619, 628 (1962); R.R. v. R.R., 237 N.C. 88, 93, 74 S.E.2d 430, 434 (1953). The injunction will issue "`if, in the opinion of the Court, issuance is necessary for the protection of a plaintiff's rights during the course of litigation.'" A.E.P. Industries v. McClure, 308 N.C. at 405, 302 S.E.2d at 761 (quoting Investors, Inc. v. Berry, 293 N.C. 688, 701, 239 S.E.2d 566, 574 (1977)). Plaintiff should not be required to submit to, or defendant permitted to, inflict continuous or frequent violations of the plaintiff's rights. Where, as in this case, there is evidence of past wrongdoing by the parties enjoined and there would be grave difficulty in detecting future particular instances of the same type of disclosure, the trial court's injunction barring the McMahons' employment by Wilmington Auto Rental is a proper means to assure Triangle's interest in preserving the confidentiality of its customer and accounts information. See, e.g., Philadelphia Record Co. v. Leopold, 40 F.Supp. 346 (S.D.N.Y. 1941) (injunction is appropriate where damages would be difficult to compute and particular instances of contract breach would be difficult to detect); see also 42 Am.Jur.2d Injunctions § 23, at 756 (1969) (a court is not obliged to shut its eyes to the demands of justice; the rules of equity are less strict in issuing an injunctive order where a defendant threatens repeated perpetration of a wrong).
The preliminary injunction that issued from the trial court is not an overbroad one. The injunction does not prohibit defendants McMahons from engaging in the auto rental and sales business. Rather, all that is prohibited is that they do not do so with a co-conspirator who knowingly induced the breach of an employment contract. Consequently, I conclude that the injunction in its entirety is both necessary and reasonable under the circumstances of this case.
EXUM, C.J., joins in this dissenting opinion