WADE S. DUNBAR INSURANCE AGENCY, INC., PLAINTIFF v. JAMES ALEX BARBER, DEFENDANT

No. COA01-345

(Filed 4 December 2001)

**1. Appeal and Error— appealability—preliminary injunction—covenant not to compete—substantial right**

Although the grant of a preliminary injunction is generally in the nature of an interlocutory order, defendant employee has an immediate right to appeal a preliminary injunction enforcing a covenant not to compete, because: (1) defendant would lose a substantial right to practice his livelihood since defendant has been prevented from engaging in the general insurance business in the territory where he has been employed for the past eleven months; and (2) the covenant not to compete is two years, and essentially a year will have passed in appealing this interlocutory order.

**2. Employer and Employee— employment agreement—preliminary injunction—covenant not to compete—consideration—scope—equitable estoppel**

The trial court did not err by granting plaintiff insurance agency a preliminary injunction enforcing a covenant not to compete against defendant employee as provided in the parties' employment agreement stating that defendant is restricted for

two years from soliciting any customers having an active account with plaintiff at the time of his termination or prospective customer whom defendant himself had solicited within the six months immediately preceding his termination even though defendant did not sign the agreement until after he began employment, because: (1) the agreement signed by defendant states that he acknowledges and agrees that the terms of the provision not to compete were fully discussed and agreed upon prior to the date of the agreement and prior to the entry by the employee into plaintiff's employment; (2) covenants not to compete which were part of the original verbal employment contract are founded on valuable consideration, and the fact that the written contract was executed after defendant started work is insignificant; (3) our Supreme Court has recognized the validity of similar time and territory restrictions; and (4) a party cannot rely on equitable estoppel if he was put on inquiry as to the truth and had available the means for ascertaining them, and the record contains a memorandum of the agreement between plaintiff and defendant which reflects that defendant agreed to sign an employment contract with a non-compete provision.

Appeal by defendant from order entered 26 January 2001 by Judge Robert F. Floyd, Jr. in Scotland County Superior Court. Heard in the Court of Appeals 7 November 2001.

*Williamson, Dean, Williamson, Purcell & Sojka, L.L.P., by William R. Purcell, II and Andrew G. Williamson, Jr., for plaintiff-appellee.*

*Van Camp, Meacham & Newman, P.L.L.C., by Thomas M. Van Camp, for defendant-appellant.*

TYSON, Judge.

Wade S. Dunbar Insurance Agency, Inc. ("plaintiff") instituted an action seeking to enforce a covenant not to compete against James Alex Barber ("defendant"). The trial court granted plaintiff a preliminary injunction, and defendant appeals. We affirm.

## I. Facts

In March 1994, plaintiff and defendant agreed that plaintiff would purchase defendant's existing insurance agency and that defendant would become an employee of plaintiff. Defendant also

agreed to sign an employment agreement including a covenant not to compete. The agreement and purchase were to become effective on 1 April 1994.

Wade S. Dunbar ("Mr. Dunbar"), president of plaintiff agency, testified that he and defendant had discussed the terms of the employment agreement and covenant not to compete during their negotiation meetings. On 1 April 1994, Mr. Dunbar presented defendant with the employment agreement. Mr. Dunbar further testified that defendant wished to look over the agreement and six months later, he asked defendant again about the employment agreement. Defendant stated he was still looking it over and then finally signed the employment agreement about a year later. Defendant did not request any changes to either the employment agreement or the covenant not to compete.

The covenant not to compete provides in pertinent part: (1) that defendant will not, during employment or after termination of employment, reveal or disclose any confidential information, including but not limited to, business secrets of plaintiff, or the names, addresses and requirements of any customers of plaintiff; (2) that defendant will not engage, directly or indirectly, in the same or similar business of plaintiff for two full years in Scotland County or any other county where plaintiff has an office in which defendant worked for at least sixty days within one year preceding the date of termination; (3) that defendant will not solicit any customers of plaintiff who have an active account with plaintiff at the time of termination or any prospective client whom defendant has solicited within six months preceding the date of termination; (4) that all the terms of the employment agreement, including the covenant not to compete, were fully discussed prior to defendant's employment with plaintiff; and (5) that defendant expressly recognizes that any breach of the covenant will result in irreparable injury to plaintiff.

Sometime in October 2000, defendant gave Mr. Dunbar a note stating his resignation as of 31 October 2000. Mr. Dunbar rejected this resignation date as it was not in conformance with the thirty day notice requirement and set defendant's termination effective 30 November 2000. Plaintiff paid defendant his full salary through this date. Defendant testified that his employment with plaintiff terminated on 31 October 2000.

Defendant was subsequently employed by The Cannady Group, another insurance agency in Moore County. Defendant and his cur-

rent employer both testified that defendant solicited business from one of plaintiff's largest clients. Another client testified by affidavit that she contacted plaintiff for life insurance and was sold a policy by defendant through another underwriter on 16 November 2000.

Defendant testified that he was not aware of the covenant not to compete. Defendant claims that the terms of the covenant were not discussed prior to his employment with plaintiff, and that he was not presented with the employment agreement until May 1995.

## II. Issues

We note that defendant incorrectly referenced those assignments of error pertinent to his first question presented. Assignments of error number two and three relating to trade secrets were not addressed or argued in defendant's brief and are deemed abandoned. N.C.R. App. R. 28(b)(5) (1999).

The ultimate issue to be determined is whether the trial court properly granted the preliminary injunction against defendant.

## III. Substantial Right

[1] A preliminary injunction is interlocutory in nature and no appeal lies from such order unless it deprives the appellant of a substantial right which he would lose absent immediate review. *A.E.P. Industries, Inc. v. McClure*, 308 N.C. 393, 400, 302 S.E.2d 754, 759 (1983); *see also*, N.C. Gen. Stat. §§ 1-277(a) and 7A-27(d)(1) (1999).

In determining what is a "substantial right," our Supreme Court has stated that "the 'substantial right' test for appealability of interlocutory orders is more easily stated than applied." *Waters v. Qualified Personnel, Inc.*, 294 N.C. 200, 208, 240 S.E.2d 338, 343 (1978); *see also Blackwelder v. Dept. of Human Resources*, 60 N.C. App. 331, 334, 299 S.E.2d 777, 780 (1983). "It is usually necessary to resolve the question in each case by considering the particular facts of that case and the procedural context in which the order from which appeal is sought was entered." *Waters*, 294 N.C. at 208, 240 S.E.2d at 343; *see also Blackwelder*, 60 N.C. App. at 334, 299 S.E.2d at 780.

This Court must consider whether defendant has a right of appeal "even though the question of appealability has not been raised by the parties themselves." *Waters*, 294 N.C. at 201, 240 S.E.2d at 340. We determine that defendant would lose a substantial right, that of practicing his livelihood.

The inability to practice one's livelihood has been recognized as a substantial right by our courts. *See Robins & Weill, Inc. v. Mason*, 70 N.C. App. 537, 540, 320 S.E.2d 693, 696 (1984); *Triangle Leasing Co. v. McMahon*, 96 N.C. App. 140, 146, 385 S.E.2d 360, 363 (1989), *rev'd on other grounds*, 327 N.C. 224, 393 S.E.2d 854 (1990); *Seaboard Industries, Inc. v. Blair*, 10 N.C. App. 323, 331, 178 S.E.2d 781, 786 (1971). As a result of the preliminary injunction, defendant has been prevented from engaging in the general insurance business in the territory where he is currently employed for the past eleven months. *Robins*, 70 N.C. App. at 540, 320 S.E.2d at 696.

We would like to emphasize that the parties generally should proceed to a determination on the merits in the interest of time. In this case, the covenant not to compete is two years and essentially a year will have passed in appealing this interlocutory order. Our Supreme Court has stated that "where time is of the essence, the appellate process is not the procedural mechanism best suited for resolving the dispute. The parties would be better advised to seek a final determination on the merits at the earliest possible time." *A.E.P. Industries*, 308 N.C. at 401, 302 S.E.2d at 759.

### IV.  Standard of Review

The scope of appellate review in the granting or denying of a preliminary injunction is essentially *de novo*. "[A]n appellate court is not bound by the findings, but may review and weigh the evidence and find facts for itself." *A.E.P. Industries*, 308 N.C. at 402, 302 S.E.2d at 760. There is a presumption, however, that the trial court was correct and the burden is on the defendant to show that the trial court erred in granting the preliminary injunction. *See The Western Conference of Original Free Will Baptists of N.C. v. Creech*, 256 N.C. 128, 140, 123 S.E.2d 619, 627 (1962) (citation omitted).

[2] A preliminary injunction is an extraordinary measure, and will be issued only if (1) plaintiff is able to show a likelihood of success on the merits of his case and (2) plaintiff is likely to sustain irreparable loss unless the injunction is issued, or if, in the opinion of the Court, issuance is necessary for the protection of his rights during the course of litigation. *Ridge Community Investors, Inc. v. Berry*, 293 N.C. 688, 701, 239 S.E.2d 566, 574 (1977). Defendant specifically assigns as error that plaintiff failed to show a likelihood of success on the merits of its claim. Defendant supports this contention by arguing: (1) the covenant is not supported by adequate consideration, (2)

the covenant is too broad in scope, and (3) that plaintiff is equitably estopped from alleging breach of the employment agreement and covenant not to compete.

### V.  Covenant not to compete

Covenants not to compete are enforceable if: (1) in writing, (2) made part of a contract of employment, (3) based on valuable consideration, (4) reasonable both as to time and territory, and (5) not against public policy. *United Laboratories, Inc. v. Kuykendall*, 322 N.C. 643, 649-50, 370 S.E.2d 375, 380 (1988). This Court will not determine whether the covenant is in fact enforceable, but will review the evidence and determine whether plaintiff has met its burden of showing a likelihood of success on the merits. *Iredell Digestive Disease Clinic, P.A. v. Petrozza*, 92 N.C. App. 21, 26-27, 373 S.E.2d 449, 452 (1988). After review of the record, we conclude that plaintiff has shown a likelihood of success on the merits.

### 1.  Adequate consideration

Defendant argues that the terms of the covenant not to compete were not discussed prior to his acceptance of employment and since the employment agreement was not signed until after he began working for plaintiff, the covenant is not supported by adequate consideration.

Mr. Dunbar testified that he and defendant discussed the terms of the non-compete provision and the memorandum of their agreement reflects that defendant agreed to sign an employment agreement to include a non-compete provision. Further, the agreement signed by defendant states that he acknowledges and agrees that the terms of the provision not to compete were fully discussed and agreed upon prior to the date of the agreement and *prior to the entry by the employee into the employ of plaintiff.*

This Court has held that covenants not to compete which were part of the original verbal employment contract, are founded on valuable consideration. The fact that the written contract was executed after defendant started work is insignificant. *Robins*, 70 N.C. App. at 542, 320 S.E.2d at 697. We conclude that there was sufficient evidence of consideration and the credibility of the parties will be determined by the trier of fact.

WADE S. DUNBAR INS. AGENCY, INC. v. BARBER

[147 N.C. App. 463 (2001)]

## 2. Scope of the covenant

Defendant argues that the covenant not to compete is too broad in scope since he is prohibited from soliciting any of plaintiff's customers, whether he had contact with them or not.

Our Courts have recognized client-based restrictions as a factor in determining the enforceability of covenants not to compete. *See Kuykendall*, 322 N.C. 643, 370 S.E.2d 375; *Triangle Leasing Co., Inc. v. McMahon*, 327 N.C. 224, 393 S.E.2d 854 (1990); *Farr Assocs., Inc. v. Baskin*, 138 N.C. App. 276, 530 S.E.2d 878 (2000). In evaluating the reasonableness of the time and territory restriction, we must consider each element in tandem and not independently. *Hartman v. Odell and Assoc., Inc.*, 117 N.C. App. 307, 311-12, 450 S.E.2d 912, 916 (1994).

Defendant relies on *Farr* and *Hartman* to support his proposition that a covenant prohibiting contact with all of plaintiff's customers is unreasonable and thus unenforceable. We find these cases distinguishable. In *Farr*, 138 N.C. App. 276, 530 S.E.2d 878, the employee was prohibited from working for any of employer's clients, for five years, encompassing employer's approximately 461 offices, in forty-one states, and four foreign countries. Similarly, in *Hartman*, 117 N.C. App. 307, 450 S.E.2d 912, the covenant prohibited employee from providing similar or the same services in eight states for five or more years.

At bar, the covenant restricts defendant, for two years, from soliciting any customers having an active account with plaintiff at the time of his termination or prospective customer whom defendant himself had solicited within the six months immediately preceding his termination.

Our Supreme Court has recognized the validity of similar time and territory restrictions. *See Triangle Leasing*, 327 N.C. 224, 393 S.E.2d 854 (employment contract does not restrict all competition throughout the State of North Carolina but rather only prohibits the direct or indirect solicitation of Triangle's customers and accounts for the specified two year period).

We conclude that the restrictions in *Farr* and *Hartman* are far broader than and inapposite to this case. Plaintiff has shown a likelihood that the covenant is reasonable and enforceable.

### 3. Equitable estoppel

Defendant contends that representatives of plaintiff made misrepresentations to the effect that he did not have a non-compete agreement and that he reasonably relied on the misrepresentations. Defendant asserts that he was given approval by Mr. Dunbar to accept employment with The Cannady Group and that he was informed by Ms. Adcock, the corporate secretary, that he did not have a non-compete agreement.

In determining whether the doctrine of estoppel applies, "the conduct of both parties must be weighed in the balances of equity and the party claiming the estoppel no less than the party sought to be estopped must conform to fixed standards of equity." *Hawkins v. M & J Finance Corp.*, 238 N.C. 174, 177, 77 S.E.2d 669, 672 (1953). The essential elements of equitable estoppel relating to the party estopped are: (1) conduct which amounts to a false representation or concealment of material facts, or at least, which is reasonably calculated to convey the impression that the facts are otherwise than, and inconsistent with, those which the party afterwards attempts to assert; (2) intention or expectation that such conduct shall be acted upon by the other party, or conduct which at least is calculated to induce a reasonably prudent person to believe such conduct was intended or expected to be relied and acted upon; and (3) knowledge, actual or constructive, of the real facts. *Hawkins*, 283 N.C. at 177-78, 77 S.E.2d at 672. The elements relating to the party claiming estoppel are: (1) lack of knowledge and the means of knowledge of the truth as to the facts in question; (2) reliance upon the conduct of the party sought to be estopped; and (3) action based thereon of such a character as to change his position prejudicially. *Id.* We find sufficient evidence to present a question as to whether defendant lacked knowledge and the means of knowledge as to whether he had agreed to a covenant not to compete.

A party cannot rely on equitable estoppel if it "was put on inquiry as to the truth and had available the means for ascertaining it." *Hawkins*, 238 N.C. at 179, 77 S.E.2d at 673 (citation omitted). Mr. Dunbar testified that he gave defendant the employment agreement with a non-compete provision on 1 April 1994. While defendant maintains that he did not receive the agreement at the beginning of his employment, defendant signed the agreement in May 1995. The record also contains a memorandum of the agreement between plaintiff and defendant which reflects that defendant agreed to sign an employment contract with a non-compete provision.

Additionally, Yolanda Chavis, an employee with plaintiff, testified that she prepared a customer list for defendant at his request just prior to his leaving the company and that the list is no longer with plaintiff. " 'He who comes into equity must come with clean hands,' is a well-established foundation principle upon which the equity powers of the courts of North Carolina rest." *Creech v. Melnik*, 347 N.C. 520, 529, 495 S.E.2d 907, 913 (1998) (quoting *Tobacco Growers Co-op Ass'n v. Bland*, 187 N.C. 356, 360, 121 S.E.2d 636, 638 (1924)).

We conclude that plaintiff met its burden of showing a likelihood of success on the merits as to the enforceability of the covenant not to compete and the breach of said covenant by defendant. We hold that the trial court correctly granted a preliminary injunction enforcing the non-compete, non-solicitation, and non-disclosure provisions of the employment agreement.

Affirmed.

Judges TIMMONS-GOODSON and HUDSON concur.