REDLEE/SCS, INC., PLAINTIFF v. CARL J. PIEPER, BEN SIMON, AND ALLIED INTERNATIONAL BUILDING SERVICES, INC., DEFENDANTS

No. COA01-1399

(Filed 15 October 2002)

**Employer and Employee; Injunction— covenant not to compete—preliminary injunction**

The trial court did not err in an action to enforce a covenant not to compete governed by Texas law by granting a preliminary injunction in favor of plaintiff company, because: (1) defendant former employee was an employee under a satisfaction contract that supports the restrictive covenant; (2) the restrictions as to time, scope, and geographic location set forth in the covenants were reasonable; (3) plaintiff met its burden of showing a likelihood of success on the merits; (4) plaintiff was likely to sustain irreparable loss unless the injunction was issued; and (5) contrary to defendant's assertion, equitable considerations did not mandate a lenient interpretation.

Appeal by defendants from order entered 13 September 2001 by Judge Richard Boner in Mecklenburg County Superior Court. Heard in the Court of Appeals 22 August 2002.

*Womble Carlyle Sandridge & Rice, by Mark P. Henriques, attorney for plaintiff-appellee.*

*R. Frost Branon, Jr. for defendants-appellants.*

THOMAS, Judge.

Plaintiff, Redlee/SCS, Inc., filed an action against defendants seeking to enforce a covenant not to compete. The trial court granted a preliminary injunction in favor of plaintiff, and defendants appeal. For the reasons herein, we affirm.

Redlee is in the business of securing contracts with owners or managers of large office buildings to perform janitorial services. It

REDLEE/SCS, INC. v. PIEPER

[153 N.C. App. 421 (2002)]

then manages and supervises cleaning subcontractors. Redlee does business throughout the United States, including North Carolina.

On or about 8 September 1997, defendant Carl Pieper began employment with Redlee in its Charlotte office as an area manager. In consideration of his employment and training, Pieper executed an employment agreement at the initiation of his work with Redlee expressly effective for a six-month term. The agreement contained a covenant not to compete with Redlee for a period of two years after termination of his employment. In March of 1998, Pieper executed a second employment agreement that continued his employment with Redlee as an area manager. Additionally, the agreement obligates Pieper to maintain the confidentiality of, and not disclose or use, confidential information obtained while employed by Redlee "concerning [it's] business clients, methods, operations, financing or services."

Around December 1999 or January 2000, defendant Ben Simon became employed as a district manager with Redlee in its Charlotte office. On or about July 2000, Simon entered into an employment agreement forbidding him to compete with Redlee for two years after the termination of his employment or to disclose any confidential information obtained during his employment.

In January 2000, Pieper resigned from Redlee and began work with defendant Allied International Building Services, Inc. Allied is one of Redlee's direct competitors. In December 2000, Simon resigned from Redlee and also began working for Allied. After learning that Pieper and Simon contacted some of Redlee's customers on behalf of Allied to solicit business, Redlee instituted an action against them as well as Allied.

At the outset, we note the two-year duration of the covenant not to compete. "[W]here time is of the essence, the appellate process is not the procedural mechanism best suited for resolving the dispute. The parties would be better advised to seek a final determination on the merits at the earliest possible time." *A.E.P. Industries v. McClure*, 308 N.C. 393, 401, 302 S.E.2d 754, 759 (1983). Pieper's covenant not to compete expired in January of 2002. The preliminary injunction is no longer in effect. Therefore, the issues on appeal regarding Pieper are moot. Simon's noncompete agreement, however, expires in December 2002. We proceed only on the assignments of error as to Simon.

By their first and second assignments of error, defendants Simon and Allied contend the trial court improperly granted the

preliminary injunction. They argue that: (1) the agreements are not valid; and (2) the trial court erred in concluding Redlee can show "a likelihood of success on the merits" of its case. *See A.E.P.*, 308 N.C. at 401, 302 S.E.2d at 759-60 (requiring such a showing for the issuance of a preliminary injunction).

A preliminary injunction is interlocutory in nature and therefore not immediately appealable unless it deprives the appellant of a substantial right that he would lose absent immediate review. *Wade S. Dunbar Ins. Agency, Inc. v. Barber*, 147 N.C. App. 463, 466, 556 S.E.2d 331, 334 (2001). Our courts have recognized the inability to practice one's livelihood as a substantial right. *Id.* at 464, 556 S.E.2d at 334; *Triangle Leasing Co. v. McMahon*, 96 N.C. App. 140, 146, 385 S.E.2d 360, 363 (1989), *rev'd on other grounds*, 327 N.C. 224, 393 S.E.2d 854 (1990); *Robins & Weill v. Mason*, 70 N.C. App. 537, 540, 320 S.E.2d 693, 696 (1984); *Industries, Inc. v. Blair*, 10 N.C. App. 323, 331, 178 S.E.2d 781, 786 (1971). As a result of the preliminary injunction, Simon has been prevented from managing janitorial services in Mecklenburg County. The granting of Redlee's motion for a preliminary injunction therefore deprived him of a substantial right.

"[O]n appeal from an order of superior court granting or denying a preliminary injunction, an appellate court is not bound by the findings, but may review and weigh the evidence and find facts for itself." *A.E.P.*, 308 N.C. at 402, 302 S.E.2d 760. Thus, our review is essentially *de novo*. *Dunbar*, 147 N.C. App. at 467, 556 S.E.2d at 334.

In *A.E.P. Industries*, our Supreme Court stated:

> [A] preliminary injunction is an extraordinary measure taken by a court to preserve the status quo of the parties during litigation. It will be issued only (1) if a plaintiff is able to show *likelihood* of success on the merits of his case and (2) if a plaintiff is likely to sustain irreparable loss unless the injunction is issued, or if, in the opinion of the Court, issuance is necessary for the protection of a plaintiff's rights during the course of litigation.

308 N.C. 393, 401, 302 S.E.2d 754, 759-60 (quoting *Investors, Inc. v. Berry*, 293 N.C. 688, 701, 239 S.E.2d 566, 574 (1977)).

There is no dispute between the parties that the agreement states it will be "governed by and construed in accordance with the laws of the State of Texas." This provision is effective. *See id.* at 402, 302 S.E.2d at 760 (enforcing a choice of law provision requiring the Court to apply New Jersey law to restrictive covenants); *see also Blair*, 10

N.C. App. at 331, 178 S.E.2d 786 (applying Georgia law to restrictive covenants). Since the agreement is, in fact, governed by Texas law, we must next determine whether there is a likelihood that Redlee will prevail on the merits in light of Texas law.

The validity and enforceability of restrictive covenants is governed by the Covenants Not to Compete Act. Tex. Bus. & Com. Code Ann. §§ 15.50-15.52 (Vernon's Supp. 2001). Under the Act, a covenant is enforceable if:

> (1) it is ancillary to or part of an otherwise enforceable agreement at the time the agreement is made, and (2) the limitations of time, geographical area and scope of activity are reasonable and do not impose a greater restraint than is necessary to protect the good will or other business interest of the promisee.

*Evans World Travel, Inc. v. Adams*, 978 S.W.2d 225, 228 (Tex. App. 1998); Tex. Bus. & Com. Code Ann. § 15.50 (Vernon's Supp. 2001).

In Texas, an agreement to employ for specified terms is an "otherwise enforceable agreement" for the purposes of a covenant not to compete. *Evans*, 978 S.W.2d at 230. Simon's agreement provides for a definite twelve-month term of employment. Therefore, the noncompete covenants in it are "part of an otherwise enforceable agreement." *Id.* at 228.

Moreover, "satisfaction contracts" are recognized:

> In Texas, a contract by which one agrees to employ another as long as the services are satisfactory, or which is otherwise expressed to be conditional on the satisfactory character of the services rendered, gives the employer the right to terminate the contract and to discharge the employee whenever the employer, acting in good faith, is actually and honestly dissatisfied with the work.

*Zep Mfg. Co. v. Harthcock*, 824 S.W.2d 654, 659 (Tex. App. 1992). Therefore, while an employment-at-will contract allows severance of the employment relationship at any time without cause, "when an employment agreement is a satisfaction contract, there must be a bona fide dissatisfaction or cause for discharge." *Id.* at 659. As a result, a satisfaction contract is an enforceable ancillary agreement that will support a restrictive covenant; an employment-at-will contract will not. *Id.*

Here, the agreement states that the employee may be terminated for "failure to meet and perform duties of employment to mini-

mum performance standards and expectations of the employer." It further provides: "Employer shall not have the right to terminate this agreement without cause." These limitations on Redlee's right to terminate Simon, as long as he satisfactorily performs his duties, changes the normal at-will relationship. Accordingly, Simon was an employee under a satisfaction contract that supports the restrictive covenant.

We next determine whether the restrictions as to time, scope, and geographic location set forth in the covenants are reasonable under Tex. Bus. & Com. Code Ann. § 15.51. Section 15.51 provides:

> If the covenant is found to be ancillary to or part of an otherwise enforceable agreement but contains limitations as to time, geographical area, or scope of activity to be restrained that are not reasonable and impose a greater restraint than is necessary to protect the goodwill or other business interest of the promisee, the *court shall reform the covenant to the extent necessary to cause the limitations contained in the covenant as to time, geographical area, and scope of activity to be restrained to be reasonable* and to impose a restraint that is not greater than necessary to protect the goodwill or other business interest of the promisee and enforce the covenant as reformed, except that the court may not award the promisee damages for a breach of the covenant before its reformation and the relief granted to the promisee shall be limited to injunctive relief.

Tex. Bus. & Com. Code Ann. § 15.51(c) (Vernon's Supp. 2001) (emphasis added).

Our determination is governed by: (1) whether the restriction is greater than necessary to protect the business and goodwill of Redlee; (2) whether Redlee's need for protection outweighs the economic hardship which the covenant imposes on Simon; and (3) whether the restriction adversely affects the interests of the public. *Stone v. Griffin Communications and Security Systems, Inc.*, 53 S.W.3d 687 (Tex. App. 2001). "The restrictive covenant must bear some relation to the activities of the employee and must not restrain his activities into a territory into which his former work has not taken him or given him the opportunity to enjoy undue advantages in later competition with his former employer." *Id.*

Here, the covenant not to compete restricts Simon for a period of two years from: (1) directly competing with Redlee; and (2) soliciting

or servicing any customer of Redlee's existing at the time of termination who had been solicited or serviced by Redlee within one year prior to the time of termination, or whose contract expired within one year prior to termination.

The agreement prohibits Simon from working with direct competitors in the business of securing contracts with owners or managers of large office buildings to perform janitorial services and then soliciting or servicing current or recent clients of Redlee at the time of his termination.

We conclude that the restraint created is not greater than necessary to protect Redlee's legitimate interests in its confidential information, particularly its customer and pricing information. Moreover, the necessity of the restraint created was not outweighed by the hardship to the promisors or injury to the public. Thus, the covenant not to compete was reasonable as to the scope of activity restrained. We also find the two-year time period reasonable. *See Stone*, 53 S.W.3d at 696. ("[T]wo to five years has repeatedly been held a reasonable time restriction in a non-competition agreement.").

The geographical restriction, as reformed by the trial court, is also reasonable. "Texas courts have generally held that a geographical limitation imposed on the employee which consists of the territory within which the employee worked during his employment is a reasonable geographical restriction." *Evans*, 978 S.W.2d at 232. The agreement here restricted the geographical area to several counties. The trial court, however, reformed the covenant's territorial limitation to just Mecklenburg County. That was the only county in which Simon had worked during his employment with Redlee. Accordingly, we hold the agreement to be valid under Texas law.

We now turn to the issue of whether Redlee has met its burden of showing a likelihood of success on the merits. The agreement was voluntarily signed by Simon. As set forth above, the time and territory provisions are reasonable and not unduly oppressive. Simon's at-will employment changed to termination only for cause when he signed the agreement, thus constituting valuable consideration.

Under the agreement, Simon agreed to not solicit current or recent clients of Redlee, or "use . . . or possess any of [Redlee's] confidential and proprietary information." Redlee introduced evidence that Simon solicited Redlee's customers on behalf of Allied. Simon actually admits calling a Redlee client, answering questions about

**REDLEE/SCS, INC. v. PIEPER**

[153 N.C. App. 421 (2002)]

Allied, and then delivering an Allied brochure to the client's office. Redlee has met its burden of showing a likelihood of success on the merits.

The next issue is whether Redlee is "likely to sustain irreparable loss unless the injunction is issued, or if, in the opinion of the Court, issuance is necessary for the protection of a plaintiff's rights during the course of litigation." *A.E.P.*, 308 N.C. at 401, 302 S.E.2d at 759-60. This determination is discretionary and requires the trial court to weigh the equities. We therefore apply North Carolina law. *See id.* at 405, 302 S.E.2d at 762 (applying North Carolina law to this determination despite New Jersey choice of law provision).

In *QSP, Inc. v. A. Wayne Hair*, 152 N.C. App. 174, 566 S.E.2d 851 (2002), this Court stated:

> "[I]ntimate knowledge of the business operations or personal association with customers provides an opportunity to [a] . . . former employee . . . to injure the business of the covenantee." *Kuykendall*, 322 N.C. [643,] 649, 370 S.E.2d [375,] 380. In *A.E.P. Industries*, our Supreme Court emphasized that this potential harm warrants injunctive relief:
>
>> "It is clear that if the nature of the employment is such as will bring the employee in personal contact with patrons or customers of the employer, or enable him to acquire valuable information as to the nature and character of the business and the names and requirements of the patrons or customers, enabling him by engaging in a competing business in his own behalf, or for another, to take advantage of such knowledge of or acquaintance with the patrons and customers of his former employer, and thereby gain an unfair advantage, equity will interpose in behalf of the employer and restrain the breach . . . ."
>
> *A.E.P. Industries*, 308 N.C. at 408, 302 S.E.2d at 763 (citation omitted).

*QSP*, 152 N.C. App. at 178-79, 566 S.E.2d at 854. Here, Redlee's evidence pertaining to Simon's solicitation of its customers is sufficient to show that Redlee is likely to sustain irreparable loss unless an injunction is issued.

Accordingly, based on the foregoing, Simon and Allied's first two assignments of error are without merit.

By their third assignment of error, Simon and Allied argue that if the covenant provisions are valid, equitable considerations mandate a lenient interpretation of them. We carefully examined the validity of the covenants under Texas law and, as a result, concluded the covenants to be valid and fully enforceable. Under North Carolina law, we determined that, absent the preliminary injunction, Redlee is likely to sustain irreparable loss. As defendants cite no additional law contrary to our decision that the covenants here are valid and serve a legitimate business interest of Redlee, we reject their assertion that they are entitled to a "lenient interpretation." This assignment of error is without merit.

Accordingly, we affirm the decision of the trial court.

AFFIRMED.

Judges MARTIN and TYSON concur.