BRENDA LIVESAY, Trustee of the Ronald Livesay and Brenda Livesay Family Trust dated March 26, 1998; BRENDA LIVESAY, Guardian ad Litem for Candace Livesay[1] and Ron Livesay, Jr.; and BRENDA LIVESAY, Individually, Plaintiffs-Appellees,
v.
CAROLINA FIRST BANK; SAFECO CORPORATION; FIRST NATIONAL INSURANCE COMPANY OF AMERICA; and E.K. MORLEY, Administrator CTA of the Estate of Ronald B. Livesay, Deceased, Defendants-Appellants.
No. COA08-1102.
Court of Appeals of North Carolina.
Filed March 17, 2009.
This case not for publication
Gary A. Dodd and Charles Brewer, for Plaintiffs-Appellees.
Smith Moore Leatherwood LLP, by James G. Exum, Jr., Allison O. Van Laningham, and L. Cooper Harrell, for Defendant-Appellant E.K. Morley, Administrator CTA of the Estate of Ronald B. Livesay, Deceased; Scott W. Gaylord for Defendants-Appellants Safeco Corporation and First National Insurance Company of America; and Poyner & Spruill LLP, by Judy Thompson and Lisa P. Sumner, for Defendant-Appellant Carolina First Bank.
STEPHENS, Judge.
Carolina First Bank, Safeco Corporation, First National Insurance Company of America, and E.K. Morley ("Mr. Morley"), Administrator CTA of the Estate of Ronald B. Livesay ("the estate"), (collectively "Defendants"), appeal from an order denying Mr. Morley's motion for preliminary injunction.

Facts and Procedural History
Brenda Livesay ("Plaintiff") and her husband, Ronald B. Livesay ("Mr. Livesay"), were the inter vivos settlors of the "Ronald Livesay and Brenda Livesay Family Trust" ("the Family Trust") dated 26 March 1998. Per the terms of the trust agreement, the Family Trust was a revocable trust and could be revoked at any time during the joint lives of Mr. Livesay and Plaintiff by either spouse. The trust agreement provided that the initial beneficiaries of the Family Trust were Plaintiff and her minor children, Candace Livesay and Ron Livesay, Jr. Mr. Livesay was appointed the original trustee of the Family Trust, and Plaintiff was designated as the successor trustee in the event of the death or disability of Mr. Livesay. Mr. Livesay died on 1 July 2005.
The Family Trust has assets consisting of an account at Merrill-Lynch and certain real property obtained through a deed from a company called World Fiber, Inc. As trustee of the Family Trust, Mr. Livesay executed a deed of trust and promissory note on 1 November 2002 for an equity line in an amount of up to $500,000.00 to Mountain Bank. Defendant Carolina First Bank now owns both the deed of trust and the promissory note as a successor in interest to MountainBank. Because of a guarantee provision associated with Mr. Livesay's debts to Carolina First Bank, Defendants Safeco Corporation and First National Insurance Company of America also have claims against the estate. In an affidavit signed 26 February 2008, Mr. Morley stated that the estate was subject to claims from Defendants and other creditors totaling $3,784,434.11, and that the estate had potential assets totaling $2,683,168.00.
Plaintiff, acting individually and in her capacity as trustee of the Family Trust and as guardian ad litem for her two minor children, filed a petition for declaratory judgment on 30 December 2005 against Carolina First Bank, Safeco Corporation, and First National Insurance Company of America. In her petition, Plaintiff sought a declaration as to whether the debts of the estate could be paid from the assets of the Family Trust.
Defendant Carolina First Bank removed the declaratory judgment action to the United States District Court for the Western District of North Carolina on 22 February 2006. Defendant Mr. Morley filed a motion to intervene on 7 June 2006, and his motion was granted on 14 July 2006. This matter was remanded back to the Superior Court of Henderson County by memorandum and order dated 9 May 2007.
Defendants filed a joint motion for partial summary judgment dated 6 June 2007 on the issue of whether the assets of the Family Trust could be reached by creditors. At the summary judgment hearing, Plaintiff made a cross-motion for summary judgment. Judge Mark E. Powell of the Superior Court of Henderson County granted Defendants' motion for partial summary judgment on 20 July 2007, and denied Plaintiff's cross-motion for summary judgment. In his order, Judge Powell found that the assets of the Family Trust were available to the creditors of the estate to the extent that the estate was unable to satisfy the claims against it. Judge Powell also found that the Family Trust remained fully revocable at the time of Mr. Livesay's death on 1 July 2005. Plaintiff filed notice of appeal from Judge Powell's order to this Court on 27 July 2007. This Court affirmed Judge Powell's order in a unanimous decision filed 19 August 2008, holding that the trust was revocable at the time of Mr. Livesay's death and that the trust assets were not constitutionally protected. Livesay v. Carolina First Bank, __ N.C. App. __, __, 665 S.E.2d 158, 158, 162 (2008). Plaintiff's motion for rehearing was denied by this Court on 1 October 2008. Plaintiff filed notice of appeal of right and a petition for discretionary review with the North Carolina Supreme Court on 14 October 2008.
Prior to our decision on Plaintiff's first appeal, on 26 February 2008, Mr. Morley, in his capacity as Administrator CTA of the estate, filed a motion for preliminary injunction in Henderson County Superior Court ("the trial court"). The purpose of this motion was to enjoin and restrain Plaintiff from making any expenditures or withdrawals from the Family Trust until all issues related to the administration of the estate were resolved. In an order filed 19 May 2008, the trial court denied the estate's motion for preliminary injunction. Defendants appeal.

Discussion
Defendants argue the trial court erred in finding that Defendants failed to satisfy the requirements for issuance of a preliminary injunction under North Carolina law. Specifically, Defendants argue the trial court erred in finding: (1) Defendants did not present competent evidence that the assets of the estate were insufficient to satisfy claims against it; (2) Defendants would suffer irreparable harm if Plaintiff was not enjoined from exercising ownership and control of the Family Trust; and (3) the trial court was without authority to issue a preliminary injunction.
"The scope of appellate review in the granting or denying of a preliminary injunction is essentially de novo." Wade S. Dunbar Ins. Agency, Inc. v. Barber, 147 N.C. App. 463, 467, 556 S.E.2d 331, 334 (2001). "De novo review requires us to consider the question anew, as if not previously considered or decided, and such a review of the denial of a preliminary injunction is based upon the facts and circumstances of the particular case." Kennedy v. Kennedy, 160 N.C. App. 1, 8, 584 S.E.2d 328, 333 (2003) (internal quotation marks and citations omitted).
Defendants argue the trial court erred in finding that Mr. Morley did not present competent evidence that the assets of Mr. Livesay's estate were insufficient to satisfy claims against the estate. In its order, the trial court found that
E.K. Morley, Administrator CTA of the Estate of Ronald B. Livesay, deceased, did not submit to this Court competent evidence upon which this Court could determine that the alleged claims of Carolina First Bank, Safeco Corporation, and First National Insurance Company, and other creditors have been determined by the Clerk of Superior Court of Henderson County to be enforceable against the Estate of Ronald B. Livesay and that the assets of said estate are inadequate to satisfy those claims.
In support of Defendants' motion for preliminary injunction, the estate submitted an affidavit from Mr. Morley detailing the estate's assets and debts to date. Plaintiff did not offer any evidence to rebut this account. In his affidavit dated 26 February 2008, Mr. Morley stated the estate "has to date received claims from creditors of the . . . estate totalling [sic] $3,784,434.11 and has located potential assets of the estate, including those of the Family Trust, totalling [sic] $2,683,168.00." Because the estate accounting proceeding is ongoing, Mr. Morley was not able to provide a final accounting of the estate's assets and debts. However, Defendants argue that Mr. Morley, as Administrator CTA of the estate, was in the best position to evaluate the estate's financial situation, and that his affidavit should have been recognized by the trial court as sufficient evidence in support of Mr. Morley's motion for preliminary injunction.
Our Court has previously held that because "an injunction under Rule 65 is a temporary order pending trial[,] . . . the affidavits need not meet as high a standard as those for a summary judgment ruling." Schultz v. Ingram, 38 N.C. App. 422, 427, 248 S.E.2d 345, 349 (1978) (citations omitted). In Schultz, the plaintiff, a company "engaged in the business of conducting accounts payable invoice audits throughout the United States," was granted a preliminary injunction against the plaintiff, a former employee, "enjoining him from engaging in accounts payable auditing in competition with the plaintiff within" certain areas of the United States. Id. at 423-24, 248 S.E.2d at 347. In support of its motion, the plaintiff presented an affidavit of its president which "tended to show that the defendant scheduled accounts payable audits with several of the plaintiff's clients for whom the defendant had previously done auditing work while employed by the plaintiff." Id. at 425, 248 S.E.2d at 348. In affirming the trial court's order granting the defendant's motion for a preliminary injunction, this Court noted that "the affidavits, exhibits and pleadings were more than sufficient to support the preliminary injunction." Id. at 427, 248 S.E.2d at 349.
Although affidavits under Rule 65 need not meet the high standard required for affidavits for a summary judgment ruling, the trial court in the present case found that Mr. Morley's affidavit was insufficient to satisfy even this lower standard. See id. We agree with the trial court's finding. Mr. Morley's affidavit did not provide any explanation or basis for his valuation of the estate's assets and debts. Mr. Morley provided only the total amounts of what he believed the estate's assets and debts to be, without providing any other data from which these totals were derived. In addition, as the trial court found, there has been no determination that the debts alleged by Mr. Morley were enforceable against the estate. Accordingly, we hold that the trial court did not err in finding that Defendants had not presented competent factual evidence upon which the trial court could determine the estate's assets were insufficient to satisfy the alleged claims against the estate.
The trial court also found that "Judge Powell's Order of July 20, 2007 did not entitle Defendants to subject the assets of the [Family Trust] to the claims of creditors, unless the assets of [the estate] are inadequate to satisfy those claims." Because we hold that Defendants did not provide sufficient evidence that the estate's assets were inadequate to satisfy the claims against it, Defendants are not entitled to subject the assets of the Family Trust to the claims of creditors. In light of this holding, Defendants may not encumber the assets of the Family Trust, and we need not address Defendants' remaining assignments of error.
AFFIRMED.
Judges STEELMAN and GEER concur.
Report per Rule 30(e).
NOTES
[1] The trial court's order spelled "Candace Livesay" as "Candice Livesay." We corrected this misspelling, as it is spelled "Candace Livesay" in the trust agreement for the Family Trust.